Jackie Rose Kruger, SBN: 231085
Vadim Yeremenko, SBN: 269804
Parth Shah, SBN: 304347
The Kruger Law Firm
485 S. Robertson Blvd. Suite #4
Beverly Hills, CA 90211
Tel: 310-550-1234
Fax: 310-550-6904
krugerlaw@thekrugerlawfirm.com

Attorneys for Plaintiff, ERROLL ENGLISH

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

MAY 2 3 2016

BY _____
VERONICA GONZALEZ, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

## [UNLIMITED JURISDICTION]

| | |
|---|---|
| ERROLL ENGLISH, an individual | Case No.: CIVDS1607991 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | 1. **Wrongful Termination In Violation of Public Policy** |
| ESTES EXPRESS LINES, a Virginia Corporation doing business in California; ESTES TERMINALS OF CALIFORNIA LLC, a California limited liability company; ESTES WEST, a business entity of unknown form; and DOES 1 to 20, inclusive, | 2. **Wrongful Termination in Violation of FEHA.** |
| | 3. **Retaliation** |
| | 4. **Age and Race Discrimination; Hostile Work Environment** |
| Defendants | 5. **Disability Discrimination In Violation Of FEHA** |
| | 6. **Discrimination On The Basis Of Taking Disability And FMLA Leave** |
| | 7. **Age Discrimination In Violation of FEHA** |
| | 8. **Race Discrimination in Violation of FEHA** |

COMES NOW Plaintiff Erroll English complaining of the Defendants, and each of them, as follows:

//

-1-

**PARTIES**

1.      Plaintiff Erroll English (Hereafter, "Plaintiff"), was at all times relevant to this action, and is now, a resident of the County of San Bernardino, State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant Estes Express Lines is, and at all times material hereto was, a Virginia Corporation doing business in the County of San Bernardino, State of California, employing more than 50 employees, engaged in interstate commerce within the meaning of California *Government Code* Section 12926.

3.      Plaintiff is informed and believes, and thereon alleges, that Defendant Estes Terminals of California LLC is, and at all times material hereto was, a California limited liability company doing business in the County of San Bernardino, State of California, employing more than 50 employees, and is engaged in interstate commerce within the meaning of California *Government Code* Section 12926.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant Estes West is, and at all times material hereto was, a California business entity of unknown form doing business in the County of San Bernardino, State of California, employing more than 50 employees, and is engaged in interstate commerce within the meaning of California *Government Code* Section 12926.

5.      Estes Express Lines, L.L.C., Estes Terminals of California, L.L.C., and Estes West shall be collectively referred to as "Estes."

6.      Plaintiff does not know the true names, capacities, or basis for liability of Defendants Doe 1 through Doe 20, as each fictitiously named defendant is in some manner liable to Plaintiff.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were actually and/or proximately caused by such defendants.

7.      Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, each of the defendants was an agent, servant and/or employee of each of the

-2-
COMPLAINT

**Exhibit A, Page 05**

1  remaining defendants, and each of the defendants was at all times mentioned herein acting within

2  the time, purpose and/or scope of said agents and/or employment, and acting with the express

3  and/or implied knowledge, permission and/or consent of each of the remaining defendants, and

4  each of the defendants approved and/or ratified the discriminatory acts and/or omissions and/or

5  conduct alleged herein. Each of the defendants, either by themselves, or at their direction through

6  the actions or omissions of their agents, servants and/or employees, either participated in the

7  discriminatory acts and/or omissions and/or conduct alleged herein and/or knew of the

8  discriminatory acts and/or omissions and/or conduct alleged herein, and failed to take corrective

9  action.

10 **FACTS COMMON TO ALL CAUSES OF ACTION**

11  8.  In about March of 1991, Plaintiff began working at Estes' predecessor in interest,

12  G.I. Trucking's, "Fontana" facility located at 10736 Cherry Avenue, Fontana, CA 92402 as a

13  Truck Driver.

14  9.  Estes jointly owned G.I. Trucking since 2001, and in August of 2005, Estes

15  purchased G.I. Trucking outright.

16  10.  Plaintiff was a truck driver for the first fourteen years of his employment with G.I.

17  Trucking and subsequently Estes. In about 2005, Plaintiff was promoted to inbound supervisor.

18  Plaintiff's duties as inbound supervisor included, but were not limited to, supervising multiple

19  employees daily, forecasting incoming freight, tracking all customer packages daily to ensure

20  delivery, and communicating with key customers such as Walmart and Kmart to set delivery

21  appointments.

22  11.  In twenty-three years of employment Plaintiff was never once given a legitimate

23  written reprimand or counseled for any issues related to Plaintiff's employment with G.I.

24  Trucking/Estes.

25  12.  In about 2005, Plaintiff was promoted by Territory Manager, Mark Brown ("Mr.

26  Brown"). Mr. Brown was the main proponent of promoting Plaintiff into a managerial position.

27  13.  Plaintiff was the only African-American employee in a management position. The

28  upper echelon of management at Estes was completely Caucasian.

14.     Plaintiff's most recent wage was $52,000.00 annually, plus health insurance, life insurance, and 401k benefits.

15.     Throughout Plaintiff's employment with Estes, there were numerous incidences of racially offensive and discriminatory behavior by the management and employees of Estes. Incidences included swastika and "nigger" graffiti in the Men's bathroom, as well as overall hostility toward the very few African-American employees of Estes.

16.     Since 2008, Plaintiff's managers and coworkers have often made racially charged jokes about President Barack Obama.

17.     Throughout Plaintiff's employment with Estes there were numerous incidences of denigrating comments regarding Plaintiff's age.

18.     In 2012, at a human resources seminar in front of approximately forty managers, a human resources employee singled out Plaintiff as an "example" of someone who is in two protected classes: age and race.

19.     After the human resources seminar in 2012, Plaintiff was treated differently by coworkers and managers. Plaintiff was sarcastically told he is "untouchable" or "the chosen one."

20.     Mr. Brown passed away in or about 2013.

21.     New management was externally hired by Estes in October of 2013.

22.     Plaintiff's father died in October of 2013, Plaintiff's mother was unwell during October of 2013.

23.     Plaintiff advised Estes he may need to take some time off to care for his ailing mother.

24.     Plaintiff is informed and believes, and thereon alleges that Estes decided to look for an excuse to terminate Plaintiff's employment instead of accommodating any necessary future leave of absence.

25.     Plaintiff became ill and required a medical leave of absence from about Thursday, January 10, 2014 to about Wednesday, January 15, 2014.

COMPLAINT

**Exhibit A, Page 07**

26.     Plaintiff texted Ryan Parsons ("Mr. Parsons"), Estes Operations Manager, on the preceding night before each schedule shift to inform Estes that Plaintiff is still unable to work due to his illness.

27.     Due to Plaintiff's illness he was unable to speak without pain and discomfort.

28.     On January 14, 2015, Plaintiff faxed a Doctor's note to Estes which advised that Plaintiff was suffering from a sinus and respiratory infection.

29.     Estes discharged Plaintiff on January 15, 2014, over the phone.

30.     Plaintiff was 51 years old at the time he was discharged from Estes.

31.     On March 3, 2016, Plaintiff received a Right to Sue letter from the Department of Fair Employment and Housing, attached hereto as Exhibit "1."

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF THE PUBLIC POLICY OF THE

## STATE OF CALIFORNIA

### (Against Estes, and Does 1 to 20)

32.     Plaintiff hereby refers to and incorporates paragraphs 1 through 31, inclusive, of this Complaint by reference, as though fully set forth herein.

33.     Plaintiff is informed and believes that he was terminated by Estes as a result of his suffering from a disability and needing to take medical leave, warning Estes that Plaintiff may need leave to take care of his ailing mother in the near future, his race or national origin, and his age, and in violation of public policy, including but not limited to California *Government Code* Section 12940 et seq.; and, other California and Federal policies aimed at protecting the employee.

34.     It is the public policy of the State of California that employers must provide safe working conditions for their employees and that employees not be subject to retaliation or any adverse employment action due to a disability and for requiring a medical leave of absence for themselves or a direct family member.

35.     It is also the public policy of the State of California that employers must not discriminate against employees because of their race, or their age.

COMPLAINT

**Exhibit A, Page 08**

36.     Plaintiff was employed by Estes.

37.     Plaintiff is African-American.

38.     Plaintiff was 51 years old at the time his employment at Estes ended.

39.     Plaintiff was the only African-American employee in management at Estes. The upper echelon of Estes management was completely Caucasian.

40.     Throughout Plaintiff's employment at Estes, Plaintiff was forced to endure discriminatory comments about his age.

41.     Throughout Plaintiff's employment with Estes Plaintiff was forced to endure discriminatory comments and jokes about his race.

42.     From about 2008, Plaintiff's managers and coworkers often made racially offensive jokes about President Obama in front of Plaintiff.

43.     In or about October of 2013, after the death of Plaintiff's father, Plaintiff warned Estes he may need to take time off to take care of his ailing mother.

44.     Plaintiff was ill and required a medical leave of absence from about Thursday, January 10, 2014 to about Wednesday, January 15, 2014.

45.     On January 15, 2014, Estes terminated Plaintiff's employment.

46.     As a direct and proximate result of Estes' willful, knowing, and intentional actions against him, Plaintiff has suffered and will continue to suffer pain and suffering. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

47.     As a direct and proximate result of Estes' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

48.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Estes described above was done with malice, oppression, and with conscious disregard for his rights and with the intent, design and purpose of injuring Plaintiff. Moreover, Estes refused to provide Plaintiff with reasonable accommodations of a medical leave of absence

-6-

1   despite having the apparent capacity to do so, instead choosing to terminate him, thereby causing

2   Plaintiff additional stress and exacerbating his already significant health issues. By reason

3   thereof, Plaintiff is entitled to punitive or exemplary damages from Estes in a sum according to

4   proof at trial.

5   <center>**SECOND CAUSE OF ACTION**</center>

6   <center>**WRONGFUL TERMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND**</center>

7   <center>**HOUSING ACT (FEHA)**</center>

8   <center>**(Against Estes, and Does 1 to 20)**</center>

9         49.    Plaintiff hereby refers to and incorporates paragraphs 1 through 48, inclusive, of

10  this Complaint by reference, as though fully set forth herein.

11        50.    Plaintiff is informed and believes that he was terminated by Estes as a result of his

12  suffering from a disability and needing to take a medical leave, warning Estes that Plaintiff may

13  need leave to take care of his ailing mother in the near future, his race, and his age, and in

14  violation of California *Government Code* Section 12940 et seq.

15        51.    California *Government Code* Section 12940(a) prohibits employers from

16  discriminating against employees on the basis of their disability, race, and age.

17        52.    Disability is defined as a condition (either physical or mental) which limits a

18  person's major life activity. The disability can be temporary or permanent.

19        53.    Plaintiff was employed by Estes.

20        54.    Plaintiff was ill and required a medical leave of absence from about Thursday,

21  January 10, 2014 to about Wednesday, January 15, 2014.

22        55.    Plaintiff is informed and believes, and thereon alleges, he faced a hostile work

23  environment and discrimination due to his age, his race, and needing to take a necessary medical

24  leave of absence. Estes' discriminatory practices culminated in Estes' wrongful termination of

25  Plaintiff's employment for all of the preceding reasons.

26        56.    On January 15, 2014, Estes terminated Plaintiff's employment.

27        57.    The unlawful conduct alleged herein was carried out by the supervisors, agents,

28  and/or officers of Estes in the course and scope of their employment, or agency. Estes, is,

1  therefore, strictly liable for the unlawful conduct of its supervisors, agents and/or officers.

2  58.     As a direct and proximate result of Estes' willful, knowing, and intentional

3  actions against Plaintiff, Plaintiff has suffered and will continue to suffer pain and suffering, and

4  extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general,

5  special, and compensatory damages in amounts to be proven at trial.

6  59.     As a direct and proximate result of Estes' willful, knowing, and intentional actions

7  against Plaintiff, Plaintiff has suffered and will continue to suffer a loss of earnings and other

8  employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and

9  compensatory damages in amounts to be proven at trial.

10  60.     Plaintiff is informed and believes and based thereon alleges that the outrageous

11  conduct of Estes described above was done with malice, oppression, and with conscious

12  disregard for his rights and with the intent, design and purpose of injuring him. Moreover, Estes

13  refused to provide Plaintiff with reasonable accommodations of a medical leave of absence

14  despite having the apparent capacity to do so, instead choosing to terminate him, thereby causing

15  Plaintiff additional stress and exacerbating his already significant health issues. By reason

16  thereof, Plaintiff is entitled to punitive or exemplary damages from Estes in a sum according to

17  proof at trial.

18  ### THIRD CAUSE OF ACTION

19  ### RETALIATION

20  **(Against Estes, and Does 1 to 20)**

21  61.     Plaintiff hereby refers to and incorporates paragraphs 1 through 60, inclusive, of

22  this Complaint by reference, as though fully set forth herein.

23  62.     Plaintiff was employed by Estes.

24  63.     Plaintiff had a disability. At all times relevant hereto, Plaintiff was an employee

25  covered by the FEHA, California *Government Code* Section 12940, et seq. Plaintiff is therefore

26  protected by FEHA from retaliation on the basis of his disability.

27  64.     Plaintiff is entitled, under the *Family and Medical Leave Act* ("FMLA"), to take a

28  leave of absence for a serious health condition that makes Plaintiff unable to perform his

essential job duties.

65.   Plaintiff is also entitled to leave under the FMLA to care for a seriously ill parent.

66.   An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

67.   In about November of 2013, Plaintiff warned Estes that he may need to take a leave under FMLA to take care of his ill mother.

68.   From about January 10, 2014, onward, Plaintiff requested a medical leave of absence and needed reasonable accommodations if he were to continue his employment with Estes.

69.   On or about January 14, 2014, Plaintiff provided medical documentation of his disability in the form of a doctor's note.

70.   Plaintiff is informed and believes, and thereon alleges that Estes's termination of Plaintiff's employment was motivated by his warning about future need of an FMLA leave and taking a medical leave of absence in January of 2014.

71.   On or about January 15, 2014, Estes terminated Plaintiff's employment with Estes.

72.   In committing the acts described above, Estes retaliated against Plaintiff for engaging in protected activity under the FEHA.

73.   The retaliatory conduct alleged herein was carried out by the supervisors, agents and/or officers of Estes, and each of them, in the course and scope of their employment. Estes is, therefore, strictly liable for the unlawful conduct of their supervisors, agents/or officers.

74.   Plaintiff is informed and believes, and thereon alleges that Estes authorized and/or ratified the conduct of all of its supervisors, managers, and/or employees by engaging in a system and pattern of encouraging them to retaliate against Plaintiff by retaining them after learning of their retaliatory conduct toward Plaintiff.

75.   As a direct and proximate result of Estes' willful, knowing, and intentional actions against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and

-9-

**Exhibit A, Page 12**

1    compensatory damages in amounts to be proven at trial.

2         76.    As a direct and proximate result of Estes' willful, knowing, and intentional

3    actions against him, Plaintiff has suffered and will continue to suffer a loss of earnings and other

4    employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and

5    compensatory damages in amounts to be proven at trial.

6         77.    Plaintiff is informed and believes and based thereon alleges that the outrageous

7    conduct of Estes described above was done with malice, oppression, and with conscious

8    disregard for his rights and with the intent, design and purpose of injuring him. Moreover, Estes

9    refused to provide Plaintiff with reasonable accommodations despite having the apparent

10   capacity to do so, instead choosing to terminate him, thereby causing Plaintiff additional stress

11   and exacerbating his already significant health issues. By reason thereof, Plaintiff is entitled to

12   punitive or exemplary damages from Estes in a sum according to proof at trial.

13                          **FOURTH CAUSE OF ACTION**

14      **AGE AND RACE DISCRIMINATION; HOSTILE WORK ENVIRONMENT**

15                        **(Against Estes, and Does 1 to 20)**

16        78.    Plaintiff hereby refers to and incorporates paragraphs 1 through 77, inclusive, of

17   this Complaint by reference, as though fully set forth herein.

18        79.    Plaintiff was an employee of Estes.

19        80.    Plaintiff is African-American.

20        81.    Plaintiff was 51 years old at the time his employment at Estes was terminated.

21        82.    Plaintiff witnessed and was subjected to overt acts of racism and age

22   discrimination, by Plaintiff's coworkers and supervisors, which were so severe and pervasive as

23   to alter the conditions of Plaintiff's employment. These acts included racist graffiti, jokes, and

24   snide remarks about Plaintiff's age and race.

25        83.    Plaintiff was subjected to a hostile work environment that Plaintiff perceived to be

26   abusive.

27        84.    As a direct and proximate result of Estes' willful, knowing, and intentional

28   actions against Plaintiff, Plaintiff has suffered and will continue to suffer pain and suffering, and

extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

85.     As a direct and proximate result of Estes' willful, knowing, and intentional actions against him, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

86.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Estes described above was done with malice, oppression, and with conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Estes in a sum according to proof at trial.

<div align="center">

**FIFTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**

**(Against Estes, and Does 1 to 20)**

</div>

87.     Plaintiff hereby refers to and incorporates paragraphs 1 through 86, inclusive, of this Complaint by reference, as though fully set forth herein.

88.     California *Government Code* Section 12940(a) prohibits employers from discriminating against employees on the basis of their disability.

89.     Plaintiff was an employee of Estes.

90.     Plaintiff suffered from a temporary disability which required him to take time off work and avoid talking. Talking would exacerbate his pain.

91.     Estes was aware of Plaintiff's disability.

92.     Plaintiff provided medical documentation to Estes to prove the nature and extent of his disability.

93.     Plaintiff was able to perform his essential job duties with reasonable accommodation: a short medical leave of absence to recover and not having to talk on the phone.

94.     Instead of accommodating Plaintiff, Estes decided to terminate Plaintiff's employment with Estes.

<div align="center">

-11-

COMPLAINT

**Exhibit A, Page 14**

</div>

95.     As a direct and proximate result of Estes' willful, knowing, and intentional actions against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

96.     As a direct and proximate result of Estes' willful, knowing, and intentional actions against him, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

97.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Estes described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Moreover, Estes refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate him, thereby causing Plaintiff additional stress and exacerbating his already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Estes in a sum according to proof at trial.

## SIXTH CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF TAKING DISABILITY AND FMLA LEAVE

### (Against Estes, and Does 1 to 20)

98.     Plaintiff hereby refers to and incorporates paragraphs 1 through 97, inclusive, of this Complaint by reference, as though fully set forth herein.

99.     Plaintiff was an employee of Estes.

100.    Plaintiff is entitled, under the *Family and Medical Leave Act* ("FMLA"), to take a leave of absence for a serious health condition that makes Plaintiff unable to perform his essential job duties.

101.    Case law has establishes that employers cannot fail to accommodate an employee's disability even once.

102.    Plaintiff is also entitled to leave under the FMLA to care for a seriously ill parent.

-12-

COMPLAINT

**Exhibit A, Page 15**

103.    An employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

104.    In or about October of 2013, Plaintiff informed Estes that Plaintiff may need leave to take care of his ill mother at some point in the near future.

105.    From about January 10, 2014, Plaintiff required a medical leave of absence for a condition that made performing his essential job duties at Estes impossible.

106.    On about January 14, 2014, Plaintiff provided Estes with documentation proving his need for a medical leave in the form of a note from Plaintiff's doctor.

107.    Plaintiff is informed and believes Estes terminated his employment because Estes did not want to accommodate any disability related FMLA leave Plaintiff took or may require in the future.

108.    On January 15, 2014, Estes terminated Plaintiff's employment with Estes.

109.    As a direct and proximate result of Estes' willful, knowing, and intentional actions against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

110.    As a direct and proximate result of Estes' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

111.    Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Estes described above was done with malice, oppression, and with conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. Moreover, Estes refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate him, thereby causing Plaintiff additional stress. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Estes in a sum according to proof at trial.

//

## SEVENTH CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF FEHA

### (Against Estes, and Does 1 to 20)

112.    Plaintiff hereby refers to and incorporates paragraphs 1 through 111, inclusive, of this Complaint by reference, as though fully set forth herein.

113.    California *Government Code* Section 12940(a) prohibits employers from discriminating against employees on the basis of their age.

114.    Plaintiff was an employee of Estes.

115.    Plaintiff was 51 years old at the time Estes terminated his employment with Estes.

116.    Throughout Plaintiff's employment at Estes, Plaintiff was forced to endure discriminatory and denigrating comments about his age.

117.    Plaintiff is informed and believes that Plaintiff's age was a motivating factor in Estes' discriminatory actions against Plaintiff. These actions included being passed for promotions, allowing a hostile work environment to exist, and culminated in Estes terminating Plaintiff's employment.

118.    As a direct and proximate result of Estes' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

119.    As a direct and proximate result of Estes' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

120.    Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Estes described above was done with malice, fraud and oppression and with conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. Moreover, Estes refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate Plaintiff, thereby causing

-14-

Plaintiff additional stress and exacerbating his already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Estes in a sum according to proof at trial.

### EIGHTH CAUSE OF ACTION

### RACE DISCRIMINATION IN VIOLATION OF FEHA

**(Against Estes, and Does 1 to 20)**

121. Plaintiff hereby refers to and incorporates paragraphs 1 through 120, inclusive, of this Complaint by reference, as though fully set forth herein.

122. California *Government Code* Section 12940(a) prohibits employers from discriminating against employees on the basis of their race.

123. Plaintiff is African-American.

124. Plaintiff was the only African-American in a managerial position at Estes, the upper echelon of management at Estes was completely Caucasian.

125. Plaintiff was forced to endure continued racist harassment from his supervisors and coworkers and was subsequently terminated as outlined above.

126. Incidences of race based discrimination included swastika and "nigger" graffiti in the Men's bathroom, racially charged jokes about President Barack Obama, as well as overall hostility toward the very few African-American employees of Estes.

127. Plaintiff is informed and believes and thereon alleges that Estes' termination of Plaintiff's employment was motivated, at least in part, by Plaintiff's race.

128. Estes' conduct, through its agents, was outrageous. As a direct and proximate result of Estes' reprehensible and outrageous treatment of Plaintiff, he has suffered and continues to suffer emotional distress.

129. As a direct and proximate result of Estes' actions, Plaintiff suffered and continues to suffer actual damages including economic loss and mental distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

130. Estes' actions, through its agents, were done with intent to injure Plaintiff and possibly similarly situated employees of Estes. The purpose and effect of the treatment of

-15-

employees, including Plaintiff, was to interfere with, harass, and offend Plaintiff.

131.   Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Estes described above was done with malice, oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Moreover, Estes refused to provide Plaintiff with a work environment free of racial discrimination, instead choosing to terminate him, thereby causing Plaintiff additional stress and exacerbating his already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Estes in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. For an award of general and compensatory damages in an amount to be determined at trial;

2. For punitive damages, according to proof;

3. For reasonable attorney's fees;

4. For pre-judgment and post-judgment interest according to proof and as allowable by statute;

5. For Costs of Suit incurred;

6. For such other and further relief as the Court may deem proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

DATED:  May 20, 2016                    THE KRUGER LAW FIRM

By: _____
    Jackie Rose Kruger, Esq.
    Vadim Yeremenko, Esq.
    Parth Shah, Esq.
    Attorneys for Plaintiff, Erroll English

# Exhibit 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____                    ___GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

March 03, 2016

Erroll English
P.O. Box 601
San Bernardino CA 92402

RE:  **Notice of Case Closure and Right to Sue**
      DFEH Number: 457140-142057
      EEOC Number: San Bernardino - S
      English  / Estes West

Dear Erroll English:

The Department of Fair Employment and Housing (DFEH) has closed your case for the
following reason: Investigated and dismissed—Insufficient Evidence.  Based upon its
investigation, DFEH is unable to conclude that the information obtained establishes a
violation of the statute. This does not certify that the respondent is in compliance with
the statutes. No finding is made as to any other issues that might be construed as
having been raised by this complaint.

**This is your Right to Sue notice.**  According to Government Code section 12966,
subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint.  This is also applicable
to DFEH complaints that are filed under, and allege a violation of, Government Code
section 12948, which incorporates Civil Code sections 51, 51.7, and 54.  The civil action
must be filed within one year from the date of this letter.  However, if your civil complaint
alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney
about the applicable statutes of limitation.

Your complaint is **not dual filed** with the United States Equal Employment Opportunity
Commission (EEOC).  To obtain a federal Right to Sue notice, you must visit the U.S.
Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this letter or within 300 days of the alleged discriminatory act, whichever is
earlier.

You may file an appeal with DFEH which is a written request made to the District
Administrator for reconsideration of the decision to close your case.  Your appeal should
include a 1) summary as to why you disagree with the reason; and/or, 2) any new
detailed information (e.g., documents, records, witness information) that supports your
claim.  If you appeal, the information you provide will be carefully considered.

Although DFEH has concluded that the evidence and information did not support a
finding that a violation occurred, the allegations and conduct at issue may be in violation

Exhibit A, Page 21

Notice of Case Closure and Right to Sue
March 03, 2016
Page **2** of **3**

of other laws.  You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct.

Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.  Please note that if a settlement agreement has been signed resolving the complaint, you might have waived the right to file a private lawsuit.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney.  If you do not already have an attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service.  Check the Yellow Pages of your telephone book under "Attorneys."

**Filing in Small Claims Court**
- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims.  You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

Sincerely,

Raul Holguin
Consultant III-Supv.
[661] 395-2800
raul.holguin@dfeh.ca.gov

Notice of Case Closure and Right to Sue
March 03, 2016
Page **3** of **3**

cc:

David Woodard
301 South College St., Ste. 2300
Charlotte NC 28202-6021

Estes West
Paula Hoch
10736 Cherry Ave
Fontana CA 92337

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** Estes Express Line, a Virginia Corporation doing business
**(AVISO AL DEMANDADO):** in California; Estes Terminals of California LLC, a California
limited liability company; Estes West, a business entity of unknown
form; and Does 1 to 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Erroll English, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

MAY 2 3 2016

BY _____
VERONICA GONZALEZ, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Justice Center<br>Civil Division of the San Bernardino District<br>247 West 3rd Street, San Bernardino, CA 92415-0210 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVDS1607991 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jackie Rose Kruger, 485 S. Robertson Blvd., Unit 4, Beverly Hills, CA 90211, (310) 550-1234

| DATE: 5/20/2016   MAY 2 3 2016 | Clerk, by | , Deputy |
| --- | --- | --- |
| *(Fecha)* | *(Secretaria)*  VERONICA GONZALEZ | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20; 465<br>www.courtinfo.ca.gov |
| --- | --- | --- |

Exhibit A, Page 24

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jackie Rose Kruger, Esq. SBN: 231085; Parth Nilam Shah, Esq. SBN: 304347<br>The Kruger Law Firm<br>485 S. Robertson Blvd., Suite 4<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (310) 550-1234    FAX NO.: (310) 550-6904<br>ATTORNEY FOR *(Name):* Erroll English | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>MAY 2 3 2016<br><br>BY _____<br>VERONICA GONZALEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West 3rd Street
MAILING ADDRESS: 247 West 3rd Street
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: Civil Division of the San Bernardino District

CASE NAME:
English v. Estes Express Line et al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CIVDS1607991<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 20, 2016

Parth Nilam Shah
_____
(TYPE OR PRINT NAME)
▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**Exhibit A, Page 25**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

## Exhibit A, Page 26

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                              CASE NO: CIVDS1607991

               NOTICE OF TRIAL SETTING CONFERENCE
                 and NOTICE OF CASE ASSIGNMENT

IN RE: ENGLISH -V- ESTES EXPRESS LINE

THIS CASE HAS BEEN ASSIGNED TO: DAVID  COHN IN DEPARTMENT S26
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 W. 3RD ST
SAN BERNARDINO, CA  92415-0210.

       HEARING DATE: 11/29/16 at  8:30 in Dept. S26


DATE: 05/23/16  Nancy Eberhardt, Interim Court Executive Officer
                              By: VERONICA GONZALEZ
------------------------------------------------------------------------
------------------------------------------------------------------------
                  CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 05/23/16
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 05/23/16 at San Bernardino, CA

                       BY: VERONICA GONZALEZ


civ-ntsc-20130417

Notice 'NTSC' has been printed for the following Attorneys/Firms
or Parties for Case Number CIVDS1607991 on  5/23/16:


THE KRUGER LAW FIRM
485 S ROBERTSON BL
STE 4
BEVERLY HILLS, CA 90211