UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**        DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 26, filed June 27, 2017).

## I.    INTRODUCTION

On May 23, 2016, plaintiff Erroll English filed the complaint in this suit against defendants Estes Express Lines, Estes Terminals of California LLC, Estes West, and Does 1 to 20 in San Bernardino County Superior Court.[1] Dkt. 1 ("Compl."). The complaint asserts the following claims against defendants: (1) wrongful termination in violation of California public policy; (2) wrongful termination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq.; (3) retaliation in violation of FEHA and the Family and Medical Leave Act ("FMLA"), 29 C.F.R. § 825.100 et seq.; (4) hostile work environment; (5) disability discrimination in violation of FEHA; (6) discrimination on the basis of FMLA leave; (7) age discrimination in violation of FEHA; and (8) race discrimination in violation of FEHA. Id. On June 22, 2016, Estes filed an answer. Dkt. 1. On June 23, 2016, Estes filed a notice of removal asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Dkt. 1.

---

[1]      Defendants contend that G.I. Trucking Company, d/b/a Estes West, was incorrectly named and sued as "Estes West". Hereinafter, the Court refers to G.I. Trucking Company as "Estes West." Defendants are collectively referred to as "Estes".

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

On July 27, 2017, Estes filed the instant motion for summary judgment.  Dkt. 26 ("MSJ").  Plaintiff filed his opposition on August 22, 2017, dkt. 55 ("Opp'n), and Estes filed its reply on August 28, 2017, dkt. 66 ("Reply").[2]

On September 1, 2017, the Court ordered supplemental briefing on the issue of whether equitable tolling applied to plaintiff's FEHA-based claims.  Dkt. 71.  In response, plaintiff filed a supplemental brief on September 8, 2017, dkt. 75, and submitted four supplemental declarations, dkts. 76–79.  Estes filed its supplemental brief on September 15, 2017, dkt. 85, and submitted one supplemental declaration, dkt. 86, along with evidentiary objections, dkt. 87.

On September 19, 2017, the Court re-opened discovery to allow the taking of the depositions of plaintiff and Brenda Grant regarding plaintiff's submission of the verified DFEH complaint, and the Court continued Estes' hearing on the motion for summary judgment to November 6, 2017.  Dkt. 91.  On October 19, 2017, the Court ordered additional supplemental briefing on the issue of equitable tolling with respect to plaintiff's FEHA-based claims.  Dkt. 96.  On September 27, 2017, Estes filed its second supplemental brief, dkt. 97, and on November 1, 2017, plaintiff filed his second supplemental brief, dkt. 98.

On November 6, 2017, the Court held oral argument.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[2]     In his opposition, plaintiff asserts that the Court should deny Estes' motion on the grounds that Estes failed to meet and confer prior to filing the instant motion, as required by Local Rule 7–3.  Specifically, under Local Rule 7–3, parties contemplating the filing of a motion must contact and discuss the motion with opposing counsel at least seven days prior to filing.  C.D. Cal. L.R. 7–3. Although the Court determines Estes' motions on the merits, the Court (1) admonishes all parties to abide by the Local Rules in future proceedings, and (2) warns all parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions.  See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

## II.       BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless otherwise noted, the court references only facts that are uncontroverted and as to which evidentiary objections have been overruled.[3]

Estes Express Lines and Estes West are in the freight transportation business. Dkt. 31, Declaration of Tracy Hughes ("Hughes Decl.") ¶ 5. Defendants contend that Estes West is wholly owned by Estes Express Lines, though plaintiff disputes this contention. Dkt. 28, Defendants' Statement of Uncontroverted Facts and Conclusions of Law ("DSUF") at no. 2; dkt. 57, Plaintiff's Response to DSUF at no. 2; Hughes Decl. ¶ 2. Estes West operates out of terminals located throughout the western United States, including a terminal in Fontana, California (the "Riverside terminal"). DSUF at no. 3; Hughes Decl. ¶ 5. Estes West's Riverside terminal moves hundreds of thousands of pounds of freight each day through the terminal.[4] DSUF at no. 4; Dkt. 30, Declaration of Fernando Alvarez ("Alvarez Decl.") ¶ 2.

Though the parties dispute whether plaintiff was employed by Estes Terminals of California LLC or by Estes Express Lines, it is undisputed that plaintiff was at all times an employee of Estes West. DSUF at no. 32; Hughes Decl. ¶ 4; dkt. 54, Declaration of Erroll English ("English Decl.") ¶ 2. Plaintiff is an African American man who worked

---

[3]       Plaintiff submits the Declaration of Denis Loupe, dkt. 48, and the Declaration of Julie Patereau, dkt. 49, in support of his opposition. Estes objects to these declarations. Because the Court does not rely on these declarations in its analysis, it does not reach Estes' objections.

[4]       Plaintiff objects that this fact is without foundation, as Alvarez is not an expert and lacks personal knowledge. The Court overrules this objection, as Alvarez is the Terminal Manager of Estes West and was formerly the Assistant Terminal Manager at the Riverside terminal from October 2013 through May 2016. Alvarez Decl. ¶ 1. Accordingly, Alvarez has the requisite personal knowledge as a terminal manager and assistant terminal manager to estimate the daily quantity of freight that the Riverside terminal handles.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

at Estes West[5] as a dock supervisor, and had been employed there since March 1991. DSUF at no. 3; Hughes Decl. ¶ 5; English Decl. ¶ 2.  Plaintiff was a salaried employee.[6] Dkt. 68, Plaintiff's Statement of Uncontroverted Facts ("PSUF") at no. 59; Alvarez Deposition at 155:21–24.

### A.    Plaintiff's Working Environment at Estes from 1991 to 2014

During the early 1990's plaintiff was assigned to a shift at Estes West called the "Aryan Brotherhood" in which most of the dockworkers and the supervisor were Caucasian.  PSUF at no. 67; Dkt. 70, English Deposition ("English Dep.") at 49:16–25, 50:1–24.  A new terminal manager ended this practice in the early 1990's.  English Dep. at 137:13–25.  In the early 2000's, plaintiff was harassed by a coworker who addressed him with racial slurs and spit on him.  PSUF at no. 68; English Dep. at 48:17–25; 49:1–12; 51:3–5; 223:1–20; 224:1–10.  Estes West took witness statements and terminated the coworker.  English Dep. at 49:5-12; 51:3-5.  Prior to May 2010, a dockworker found graffiti of swastikas, racial slurs, and terrorist threats in the bathroom of the Riverside terminal, and terminal manager Mark Brown "rectified" these markings.  English Dep. at 75:23-25; 76:1-23; 76:24-77:25; 78:2-11; 78:16-19.  Beginning on or around September 2013, plaintiff heard "Popeye's chicken" after each time he made a call on the radio, and these derogatory remarks continued until his employment was terminated in January

---

[5]    Plaintiff objects that this fact is without foundation, and that Hughes has not provided evidence of where plaintiff was employed.  The Court overrules this objection, as Hughes is the Senior Director of Compliance and Employee Relations and was formerly the Director of Employee Benefits at Estes West.  Hughes Decl. ¶ 2.  Moreover, Hughes has access to Estes West employees' personnel files, including the personnel file for plaintiff.  Id. ¶ 7.  Accordingly, Hughes has the requisite personal knowledge to attest to the identity of plaintiff's employer.

[6]    The "Payment and Employment Change" form that was completed upon plaintiff's termination from Estes reflects that plaintiff was salaried at the time of termination, but does not clearly identify the name of the specific entity from which he was terminated.  Hughes Decl. & Ex. 12.  The name "Estes" is located in the top margin, while the name "Estes Express Lines" is located along the bottom margin.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' | |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

2014.  English Dep. at 88:18-25; 89:8-10; 225:21-228:11.  Plaintiff did not report these remarks to management.  English Dep. at 229:22-25.

Around 2012, during an Estes West human resources training session, regional human resources manager Paula Hoch asked plaintiff to stand up and pointed out that plaintiff was in a protected category due to his age and race.  English Dep. at 187:8-9; 188:1-9; 189:5-12.  During another interaction with Hoch, plaintiff inquired as to whether a position had been filled, and Hoch responded that they had been filled while walking at a fast pace.  English Dep. at 196:18-25.  Hoch also failed to return plaintiff's calls. English Dep. at 197:1-10.

During plaintiff's first encounter with terminal manager Mike Jordan, Jordan swore at plaintiff and called plaintiff a "boy."  English Dep. at 67:13-25; 69:21-70:15; 236:14-17.  Under terminal manager Brown's supervision, plaintiff received a document that contained a racial slur directed at President Obama, with a "black man's necktie and [] a noose on it."  English Dep. at 78:18-80:21.  While at Estes West plaintiff heard "anti-Obama" remarks that were "political" in nature.  English Dep. at 80:7-19.

### B.    Plaintiff's Absences and Subsequent Termination

On January 10, 2014, plaintiff did not report to work. DSUF at no. 7; Alvarez Decl. ¶ 11. Plaintiff texted his supervisor, operations manager Brian Parsons, to notify him that he was "[n]ot feeling well, not coming in," which Parsons reported to Alvarez, the assistant terminal manager.  DSUF at no. 8; English Decl. ¶ 4 & Ex. 1; Alvarez Decl. ¶ 12.; English Dep. at 278:7-12.  Alvarez attests that he instructed Parsons to notify plaintiff that he needed to call his supervisor to discuss his absence, though the parties dispute whether Parsons actually contacted plaintiff.  Alvarez Decl. ¶ 13; English Dep. at 278:1-17.

January 12, 2014 was plaintiff's next scheduled work day.  DSUF at no. 12; Alvarez Decl. ¶ 14.  Plaintiff again texted Parsons, "[n]ot feeling well, not coming in," which Parsons reported to Alvarez.  DSUF at no. 13; English Decl. ¶ 5 & Ex. 1; Alvarez Decl. ¶ 14.  Plaintiff did not report to work on January 12, 2014.  DSUF at no. 14; Alvarez Decl. ¶ 14; English Dep. at 284:17-23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

On January 13, 2014, Alvarez called plaintiff and left plaintiff a voicemail notifying plaintiff that he needed to contact Alvarez at the terminal or on his cell phone, and that if he was going to be out a third day, he would need to produce a doctor's note.[7] DSUF at no. 16; Alvarez Decl. ¶ 15. Plaintiff texted Parsons, "[n]ot feeling well, not coming in." English Decl. ¶ 6 & Ex. 2. Plaintiff did not report to work on January 13, 2014. English Dep. at 287:1-4.

Plaintiff was scheduled to work on January 14, 2014. DSUF at no. 20; Alvarez Decl. ¶ 17; English Dep. at 287:17-21. At approximately 7:48 in the morning on January 14, 2014, Alvarez texted plaintiff the following message: "Erroll, Brian and I have tried reaching out to you and have left voicemails to call in. Please call me this morning on my cell phone." DSUF at no. 22; Alvarez Decl. ¶ 17; Plaintiff's Response to DSUF at no. 22. Plaintiff texted Parsons "[n]ot feeling well, not coming in," and plaintiff did not report to work on this date. DSUF at no. 21; English Decl. ¶ 9 & Ex. 2; Alvarez Decl. ¶ 17. On January 14, 2014, Alvarez contacted the human resources manager, Paula Hoch, in regards to plaintiff's absences. DSUF at no. 23; Alvarez Dec. ¶ 18.

On January 14, 2014, Alvarez left plaintiff a voicemail in which he stated that Alvarez had attempted to contact plaintiff by phone on Monday, January 13, 2014, and again by text the following morning, and notified plaintiff that plaintiff must "call in" because texting his inability to make it to work was not acceptable and against company policy. DSUF at no. 24; Alvarez Decl. ¶ 19. The parties dispute whether plaintiff actually contacted Alvarez in response to this January 14, 2014 phone call. Later on January 14, 2014, Alvarez placed a second phone call to plaintiff and left a voicemail notifying him that he was being placed on immediate suspension and would be contacted regarding the outcome of the investigation. DSUF at no. 26; Alvarez Decl. ¶ 20. On January 14, 2014, plaintiff visited the Medical Clinic of Redlands. PSUF at no. 57; English Decl. ¶ 8.

---

[7]     Plaintiff objects to this evidence for lack of foundation, since Alvarez stated in his deposition that he was unable to provide phone records from the cell phone he may have used in January 2014 to contact plaintiff. The Court overrules this objection because Alvarez attests to his phone call and voicemail from personal knowledge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL               'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

The decision was made to terminate plaintiff from his employment at Estes West on January 14, 2014.  DSUF at no. 27; Alvarez Decl. ¶ 21; Hughes Decl. ¶ 30.  The parties dispute the reasons for this decision.[8]  On January 15, 2014, plaintiff faxed Estes West a medical note from the Medical Clinic of Redlands that indicated that plaintiff should be excused from work from January 14, 2014 to January 20, 2014, but also indicated that plaintiff could "return to work[] with no limitations."[9]  PSUF at no. 48; English Decl. & Ex. 5; dkt. 68, Defendants' Response to PSUF at no. 48.  On January 15, 2014, Alvarez informed plaintiff that plaintiff was terminated.  DSUF at no. 28; Alvarez Decl. ¶ 21; English Decl. ¶ 12.  Plaintiff was 51 years old when his employment was terminated, and his replacement was 41 years old.  Hughes Decl. ¶ 27.

Estes West's attendance policy for salaried employees provides the following:

An employee must **personally** notify their appropriate or designated manager at least two hours in advance of his/her scheduled start time, or as instructed by the supervisor, if he/she expects to be late or absent.  This policy applies for each day of the absence.  The manager will have the discretion to amend the call in procedures from daily to weekly depending upon the seriousness of and length of expected absence.  The employee is expected to explain the reason for the absence and indicate the date he/she will return to work.

---

[8]     Estes contend the decision was based on plaintiff's violation of Estes' attendance and code of conduct policies—in particular, plaintiff's failure to follow "call-in procedures" and his failure to obey directives to follow these procedures.  Alvarez Decl. ¶ 21.

[9]     The medical note from the Medical Clinic of Redlands contains a section titled "Work Ability" that includes two boxes in which a medical professional may place a checkmark.  English Decl. & Ex. 5.  Next to the first box, the text reads "Please excuse from work/school from 1-14-14 to 1-20-14."  Id.  Next to the second box, the text reads "May return to work/school with no limitations."  Id.  Both boxes were marked with a checkmark.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

> At the manager's discretion, any employee who calls in sick can be required
> to obtain medical verification of the reason for absence.  However, an
> employee absent more than **three** workdays in a row must provide a note
> from a health care physician certifying that the employee was unable to
> work for health reasons.

Hughes Decl. & Ex. 2 (emphasis in original).  The parties dispute whether the personal
notification requirement in the attendance policy requires a telephone call to a supervisor,
or whether the policy permits other forms of personal notification.  DSUF at no. 6;
Plaintiff's Response to DSUF at no. 6.  In addition, the "Attendance, Punctuality and
Dependability Policy – Hourly Employees" provides that "[n]ot reporting to work and not
calling to report the absence in accordance with the call-in procedure is a no call/no show
and is a serious matter.  The first instance of a no call/no show will result in a final
written warning.  The second is considered job abandonment and will result in
termination of employment."  Hughes Decl. & Ex. 1.  The parties dispute whether this
policy and procedure applies to plaintiff, a salaried employee.

Estes West has an EEO/Harassment in the Workplace Policy, issued on January 8,
1998, and revised on October 25, 2013, that strictly prohibits discrimination based on
age, race, disability, and other legally protected characteristics.  DSUF at no. 34; Hughes
Decl. ¶ 15 & Ex. 5.  This Workplace Policy states that "[t]here will be no retaliation …
based on the making of a complaint or reporting discrimination or harassment."  DSUF at
no. 35; Hughes Decl. & Ex. 5.  Estes West also has a reasonable accommodation policy,
issued on February 4, 2011, and revised on June 30, 2013, which provides a process for
requesting reasonable accommodation for disabilities.  DSUF at no. 37; Hughes Decl. ¶
20 & Ex. 7.  The parties dispute whether plaintiff requested an accommodation in
accordance with the process provided for in the reasonable accommodation policy.  Estes
West has a Family and Medical Leave Act Policy, issued September 1, 1997, and revised
on November 4, 2009.  DSUF at no. 39; Hughes Decl. ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

### C.    Plaintiff's Administrative Remedies and Filing of the Instant Action

Plaintiff filed a pre-complaint inquiry with the Department of Fair Employment and Housing ("DFEH") on January 13, 2015.[10]  PSUF at no. 24; dkt. 58, Declaration of Jackie Kruger ("Kruger Decl.") ¶ 31 & Ex. 10.  On March 11, 2015, plaintiff—through an attorney—filed the verified administrative complaint with the DFEH, alleging that his termination from Estes West violated FEHA.  PSUF at no. 22; DSUF at no. 30; Kruger Decl. ¶ 31 & Ex. 15.   Plaintiff also asserted that he was "subjected to [d]iscrimination, [and] [r]etaliation," and denied leave under the California Family Rights Act ("CFRA"). PSUF at no. 32; Kruger Decl. ¶ 34 & Ex. 15.

The DFEH stated in a July 2, 2015 letter to defendants' counsel that plaintiff "contacted the DFEH on January 13, 2015 and [] filed a Pre-Complaint Inquiry."  PSUF at no. 9; Kruger Decl. ¶ 12, 13 & Ex. 4.  The DFEH also stated that plaintiff "was within the one year Statute to file a Complaint.  Although his Complaint is dated March 11, 2015, we are pursuing the investigation based [on] the case below."  PSUF at no. 7; Kruger Decl. & Ex. 4.

Plaintiff was issued his right-to-sue notice on March 3, 2016.  PSUF at no. 34; Kruger Decl. ¶ 38 & Ex. 14.  On or about May 23, 2016, plaintiff filed the instant age, race, and disability discrimination and wrongful termination lawsuit against Estes.  DSUF at no. 33; PSUF at no. 34; dkt. 1-1 at 1.

## III.   LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the

---

[10]     Plaintiff requests that the Court take judicial notice of DFEH public records, dkt. 52 & Ex. 1, concerning the DFEH investigation of plaintiff's claim, and Estes does not object.  In light of the fact that the Court does not rely on these documents in reaching its decision, the Court declines to judicially notice these records.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

    If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

    In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   ANALYSIS

### A.   Timeliness of Plaintiff's Claims

#### 1.   Whether Plaintiff's FEHA-Based Claims are Time-Barred

    Estes argues that plaintiff's second, third, fourth, fifth, sixth, seventh, and eighth claims—all premised on FEHA—are untimely because plaintiff filed his DFEH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

complaint on March 11, 2015, more than one year after plaintiff's January 15, 2014 date of termination.[11]  MSJ at 5.  Plaintiff contends that the DFEH specifically concluded that plaintiff's complaint was timely, and that, in the alternative, the limitations period was statutorily and equitably tolled.  Opp'n at 4–9.

A civil suit alleging FEHA violations must be filed within one year of the receipt of the right-to-sue letter from the DFEH.  See Cal. Gov't Code § 12965(b).  "In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law."  Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001).  Exhaustion in this context requires filing a verified complaint with the DFEH within one year of the alleged unlawful employment discrimination, and obtaining notice from the DFEH of the right to sue.  Id. at 897.  The scope of the written administrative charge defines the permissible scope of the subsequent civil action.  Id.  Allegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust.  Id.  These procedural requirements, as with all provisions of FEHA, are to "be construed liberally for the accomplishment of the purposes [of FEHA]."  Cal. Gov. Code § 12993(a).  Those purposes include the elimination of employment discrimination.  Rodriguez, 265 F.3d at 897.

With respect to equitable tolling, "[t]he administrative time limits prescribed by FEHA are treated as equivalent to statutes of limitations and are subject to equitable doctrines such as waiver, estoppel, and tolling."  Rodriguez, 265 F. 3d 890 at 900.  Thus, this Court may consider equitable exceptions to the one-year deadline for filing the verified complaint with the DFEH.  Holland v. Union Pac. R.R. Co., 154 Cal.App.4th 940, 946 (2007).  One such equitable exception "applies where complainants reasonably are misled through no fault of their own as a result of inaccurate advice from the DFEH."  Id.  Application of this equitable exception "requires balancing the equities in the particular case."  Rodriguez, 265 F. 3d at 901.  While there is no precise formula for balancing the equities in determining whether this exception applies, the Ninth Circuit has adopted some factors to consider.  Id.  "The equities favor a discrimination plaintiff

---

[11]     The Court observes that plaintiff's sixth claim—discrimination on the basis of medical leave, in violation of the FMLA—is not premised on FEHA, and instead, is subject to a separate statute of limitations that is discussed in the Court's analysis below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

who (1) diligently pursued his claim; (2) was misinformed or misled by the [DFEH]; (3) relied in fact on the misinformation or misrepresentations of the [DFEH]; ... and (4) was acting pro se at the time." Id. at 902.

With respect to the fourth factor, plaintiff was represented by counsel at the time he filed his pre-complaint inquiry. English Dep. at 127:5-9. Accordingly, this factor tips in favor of defendants. However, the Court finds that the other three equitable factors weigh in favor of excusing plaintiff from the one-year DFEH filing deadline. First, plaintiff diligently pursued his DFEH complaint. Though plaintiff has not filed a copy of his pre-complaint inquiry with the court, the record reflects that plaintiff received a DFEH "Acknowledgment of Inquiry Filing" on January 13, 2015, two days before the statute of limitations deadline. Kruger Decl. & Ex. 10. Moreover, the July 2, 2015 DFEH letter to Estes confirms that plaintiff filed a pre-complaint inquiry, as it provides that "Mr. English contacted our department on January 13, 2015 and he filed a Pre-Complaint Inquiry." Dkt. 78 & Ex. 3. Second, plaintiff contends that he was misinformed when he contacted the DFEH on January 13, 2015 and spoke with a representative regarding his pre-complaint inquiry. Dkt. 77, Supplemental Declaration of Erroll English ("Supp. English Decl."), ¶ 10. During this telephone phone call, plaintiff asserts that the representative told him that he "should not worry about the statute of limitations because by filing the pre-complaint inquiry, [he] had done enough."[12]  Id. ¶ 13. This statement amounts to misinformation on behalf of the DFEH, since pre-

---

[12]    Estes argues in its supplemental briefing that this statement should be disregarded because plaintiff testified in deposition that his investigator, Sal, was the only person at DFEH with whom he spoke in regards to the statute of limitations, and plaintiff further testified that this conversation occurred *after* the January 13, 2014 phone call referred to in plaintiff's supplemental declaration. Dkt. 97 at 4:10-17. Accordingly, Estes reasons, plaintiff could not have been misled into thinking that he had complied with the statute of limitations since he did not speak with Sal until after the statute of limitations had run. Id. at 5:10-14. Insofar as Estes relies on plaintiff's deposition testimony for this contention, the Court concludes that plaintiff's deposition testimony reflects that, on January 13, 2014, plaintiff spoke to *someone* at the DFEH who assured him that his pre-complaint inquiry was "enough" for purposes of the statute of limitations. Dkt. 98-2 at 382:8-383:18; 384:2-20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

complaint inquiries do not amount to verified complaints, and only *verified complaints* count for purposes of filing within one year of the adverse employment action. Accordingly, plaintiff was misinformed during his January 13, 2015 phone call insofar as the representative assured him that his pre-complaint inquiry would "be enough" for purposes of the statute of limitations.[13]  Third, plaintiff relied on this misinformation, as he did not file his DFEH complaint until March 11, 2015.  Kruger Decl. & Ex. 15.  Given that the majority of the factors weigh in plaintiff's favor, the Court finds that the one-year DFEH statutory deadline is equitably tolled in this instance.

In addition, with respect to plaintiff's third and fifth disability and failure to accommodate claims, Estes argues that plaintiff failed to exhaust his administrative remedies.  Motion at 6.  Plaintiff responds that he did exhaust his administrative remedies because the factual allegations in his DFEH complaint were sufficiently broad to cover disability discrimination.  Opp'n at 9–10.  Specifically, plaintiff's DFEH complaint asserts that he was "subjected to Discrimination, Retaliation by respondent, Estes West due to one or more [FEHA] protected bases: Age – 40 and over, Family Care or Medical Leave, Race.  I was Denied a work environment free of discrimination and/or retaliation, Denied a family care or medical leave, Denied promotion, Terminated."  Kruger Decl. & Ex. 15.

---

[13]     Plaintiff submits the Declaration of Brenda Grant, dkt. 78, which contains information about another DFEH internal error that led to plaintiff's late filing. Defendants contend that this declaration is not competent evidence, as it was not signed under penalty of perjury and Grant did not attest to its truthfulness.  Dkt 94 at 2:1-3.  The Court agrees that, in order to be admissible evidence, the Grant Declaration should be signed under penalty of perjury and Grant must attest to its truthfulness.  See 28 U.S.C. § 1776; Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist., 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009).  If plaintiff addresses these deficiencies in the Grant Declaration, then plaintiff may re-file the declaration.  Insofar as defendants argue that Grant has not demonstrated the requisite personal knowledge, dkt. 97 at 2:9-10, the Court finds that Grant demonstrates the requisite personal knowledge to attest to DFEH protocol surrounding pre-complaint inquiries.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

Claims that are not originally contained in DFEH complaints may be augmented when they are "like or reasonably related to" the initial allegations. Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc., 896 F.Supp.2d 849, 862 (N.D. Cal. 2012) (quoting Rodriguez, 265 F.3d at 897). "This standard is met where the allegations in the civil suit are within the scope of the administrative investigation 'which can reasonably be expected to grow out of the charge of discrimination.' " Rodriguez, 265 F.3d 897 (quoting Sandhu v. Lockheed Missiles & Space Co., 26 Cal. App. 4th 846, 859 (6th Dist. 1994)). In determining whether a plaintiff has raised his claim before DFEH, courts "construe the language of ... charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." King v. Permanente Med. Grp., Inc., No. 13-cv-01560-WBS, 2013 WL 5305907, at *3 (E.D. Cal. Sept. 19, 2013) (quoting B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002)).

Courts are thus obliged to construe the scope of the DFEH complaint broadly. Plaintiff's DFEH complaint asserts that he was subjected to retaliation and denied "the right to take a California Family Rights Act qualifying leave and/or Medical Leave." Kruger Decl. & Ex. 15. Plaintiff's assertions in his DFEH complaint that Estes discriminated against him and terminated his employment because of his request for medical leave are broad enough to cover plaintiff's instant allegations that Estes engaged in retaliation and disability discrimination. See Rodriguez, 265 F.3d at 897. Construing plaintiff's assertions in the DFEH complaint broadly, they encompass the instant third and fifth disability and accommodation-based claims.

Accordingly, plaintiff exhausted his administrative remedies with respect to his third and fifth claims. See King, 2013 WL 5305907, at *4. Moreover, as discussed above, plaintiff's FEHA-based claims as set forth in the second, third, fourth, fifth, seventh, and eighth claims are not time-barred.

### 2. Whether Plaintiff's Claim for Wrongful Termination in Violation of California Public Policy Is Time-Barred

Plaintiff alleges in his first claim that he was wrongfully terminated by Estes due to his January 2014 absences. Compl. ¶ 33. Plaintiff claims that his absences resulted from a legally cognizable disability, and that these absences and subsequent doctor's note were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  '**O**'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

tantamount to a request for medical leave. In addition, plaintiff claims that he was terminated based upon his race and age in violation of California public policy. Id. 33.

Estes argues that these claims are governed by a two-year statute of limitations under the California Code of Civil Procedure section 335.1. MSJ at 6. Estes contends that plaintiff initiated the instant action on May 23, 2016, more than two years following the alleged wrongful termination date of January 15, 2014. Id. Accordingly, Estes argues, plaintiff's claims are time-barred.

Plaintiff responds that he was issued his right-to-sue notice on March 3, 2016, and filed the civil action on May 23, 2016. Opp'n at 11. Pursuant to California Government Code section 12965(b), an aggrieved party may bring a civil action within one year from the date of a DFEH right-to-sue notice. Cal. Gov't Code § 12965(b). Plaintiff argues that, because plaintiff's wrongful termination claims are tethered to FEHA, plaintiff's claims are not time-barred as the civil action was initiated within one year of the right-to-sue notice. Id. Plaintiff further contends that courts should liberally apply tolling rules in this context. Opp'n at 11 (citing to McDonald, 45 Cal. 4th at 102).

"An employer may not discharge an [] employee for a reason that violates fundamental public policy." Stevenson v. Superior Court of Los Angeles County, 16 Cal.4th 880, 887 (1997). The claimed public policy, however, must be "tethered to" a specific constitutional or statutory provision. Green v. Ralee Engineering Co., 19 Cal.4th 66, 76 (1998). FEHA represents a public policy against disability discrimination, medical leave, race discrimination, and age discrimination. See Stevenson, 16 Cal. 4th 880 at 898, 904; Yoshimoto v. O'Reilly Auto., Inc., No. 10-cv-5438-PJH, 2013 WL 6446249, at *25 (N.D. Cal. Dec. 9, 2013); Prue v. Brady Co./San Diego, Inc., 242 Cal. App. 4th 1367, 1383 (2015); Xin Liu v. Amway Corp., 347 F.3d 1125, 1138 (9th Cir.2003) ("[V]iolation of the FMLA must ... constitute a violation of public policy."). Plaintiff alleges wrongful termination as a result of his disability, his medical leave, his race or national origin, and his age. Compl. ¶ 50. Accordingly, the applicable statute of limitations for plaintiff's wrongful termination claim is two years after termination of employment. See Prue v. Brady Co./San Diego, Inc., 242 Cal. App. 4th 1367, 1382 (2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

In essence, plaintiff argues that the two-year statute of limitations for his common law wrongful termination claims, which expired on January 15, 2016, was tolled while he pursued his administrative remedies. The California Supreme Court has held that "the doctrine [of equitable tolling] applies 'when an injured person has several legal remedies and, reasonably and in good faith, pursues one.' " McDonald v. Antelope Valley Commun. College Dist., 45 Cal. 4th 88, 100 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)). The Court noted that equitable tolling requires a showing of three elements: (1) timely notice; (2) a lack of prejudice to the defendant; and (3) reasonable and good faith conduct on the part of the plaintiff. Id. at 101–102.[14]

As the Court concludes above, plaintiff's FEHA claims are timely. Plaintiff's wrongful termination claim arises out of the same factual allegations as his FEHA claims, given that his DFEH complaint alleges plaintiff "was discriminated against, retaliated and *terminated* on the basis of [] age (52) and race (African American)." Kruger Decl. & Ex. 15. Accordingly, the DFEH charges gave Estes timely notice of plaintiff's common law claim for wrongful termination and provided it with the opportunity to investigate and defend against that claim. As such, equitable tolling will not prejudice Estes. See McDonald, 45 Cal.4th at 102 n.2.; see Rosas v. Chipotle Mexican Grill, Inc., No. 12–CV-2189-JST-RNBx, 2013 WL 12170553, at *4 (C.D. Cal. Sept. 9, 2013) (finding that because plaintiffs' common law wrongful termination claim arose out of the same factual allegations as their FEHA claims, equitable tolling was proper). In addition, given that plaintiff filed the instant action within months of receiving a right-to-sue letter from the DFEH, his conduct is indicative of reasonable and good faith conduct. See McDonald, 45 Cal.4th at 102 (noting that equitable tolling requires "timely notice, and lack of

---

[14]     The California Court of Appeal in Mathieu v. Norell Corp., 115 Cal. App. 4th 1174 (2004) held that a common law claim is an "independent alternative to a FEHA administrative claim," and accordingly, equitable tolling does not allow a plaintiff to "delay filing a common law tort action because an alternative administrative process has not yet been completed." Id. at 1189–90. However, the California Supreme Court in McDonald—which was decided after Matheiu—held that equitable tolling applies even where a plaintiff pursues a voluntary alternative remedy. McDonald, 45 Cal. 4th 88 at 102, 106; see Rosas, 2013 WL 12170553, at * 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff."); see Rosas, 2013 WL 12170553, at *4.

Therefore, the Court finds that equitable tolling is proper with respect to plaintiff's first claim, and plaintiff's claim for wrongful termination claim is not time-barred.

### 3.     Whether Plaintiff's FMLA Claim Is Time-Barred

Estes argues that plaintiff's sixth claim based on defendant's alleged failure to allow plaintiff to take FMLA leave is time-barred.  MSJ at 7.  Estes further contends that there are no facts to support a finding of willfulness on the part of Estes, as plaintiff failed to provide his supervisors with any information suggesting that he might have had a serious health condition.  Id.

In opposition, plaintiff asserts that Estes was "well aware" that plaintiff made a request to take FMLA leave for illness, and terminated him for this reason.  Opp'n at 12. Moreover, plaintiff argues that whether an employer action in violation of the FMLA is willful is a question of fact, and that the evidence demonstrates that there is a triable issue of fact as to whether Estes willfully terminated plaintiff for requesting FMLA leave.  Id. at 13.

An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter," which includes the right of an employee to take FMLA leave.  See 29 U.S.C. §§ 2612(a)(1)(D), 2615(a)(1).  Willful violations of the FMLA may be brought within three years of the last alleged violation. 29 U.S.C. § 2617(c)(2).  Neither the Supreme Court nor the Ninth Circuit Court of Appeals has defined willfulness under the FMLA.  However, other circuits and district courts in the Ninth Circuit have looked to the Supreme Court's definition of "willful" in the context of the Fair Labor Standards Act ("FLSA").  See, e.g., Hollowell v. Kaiser Found. Health Plan of the Nw., No. 14-cv-35882, 2017 WL 2839500, at *1 (9th Cir. July 3, 2017) (affirming district court's grant of summary judgment for failure to establish a willful violation of the FMLA, and citing to McLaughlin v. Richland Shoe Co, 486 U.S. 128, 133 (1988)); Golez v. Potter, No. 09-cv-0965-AJB-WMC, 2012 WL 368218 at *4 (S.D. Cal. 2012) (collecting cases).  Under that definition, an employer acts "willfully"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | | 'O' |
|---|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | | |

when he or she "either knew or showed reckless disregard for the matter of which its conduct was prohibited by the statute." McLaughlin, 486 U.S. 128 at 133 (1988). If "an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful .... If any employer acts unreasonably, but not recklessly, in determining its legal obligation, then ... it should not be ... considered [willful]." Id. at 135 n. 13.

The Court finds that triable issues of fact exist as to whether plaintiff was willfully terminated for requesting FMLA leave. Plaintiff texted his supervisor, Parsons, on January 10, January 12, January 13, and January 14, 2014, notifying him that he was not feeling well and could not work. English Decl. ¶ 4–6, 9 & Ex. 1, Ex. 2. In apparent acknowledgment of plaintiff's notifications, Alvarez asserts that he called plaintiff on the morning of January 13, 2014, and left a voicemail stating that "if [plaintiff] was going to be out a third day, he was required to produce a doctor['s] note." Alvarez Decl. ¶ 15. On January 15, 2014, plaintiff faxed Estes West a medical note from the Medical Clinic of Redlands that indicated that plaintiff should be excused from work from January 14, 2014 to January 20, 2014, but also indicated that plaintiff could "return to work[] with no limitations." English Decl. & Ex. 5. The Court finds that when evaluated in the light most favorable to plaintiff, the evidence precludes a finding as a matter of law that Estes' alleged violation of the FMLA was not willful. Crediting plaintiff's evidence that he notified his supervisor that he was too sick to work, and that he provided a medical note regarding his condition in response to his supervisor's request, a rational jury could determine that Estes "either knew or showed reckless disregard" for whether its conduct was prohibited by the FMLA. See McLaughlin, 486 U.S. at 133. Accordingly, plaintiff's sixth claim is timely because the instant action was filed on May 23, 2016, within three years of plaintiff's January 15, 2014 employment termination.

**B.     Whether Plaintiff's Age and Race Discrimination Claims in Violation of FEHA Fail As a Matter of Law**

Plaintiff asserts in his seventh and eighth claims that Estes discriminated against plaintiff on the basis of his age and race and terminated him as a result. Compl. ¶¶ 116, 127. In evaluating claims for employment discrimination, California has adopted the three-stage burden shifting test set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). Guz v. Bechtel Nat'l, Inc., 24 Cal.4th 317, 354 (2000). Once the plaintiff has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

made a prima facie showing of employment discrimination, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action." Deschene v. Pinole Point Steel Co., 76 Cal. App. 4th 33, 44 (1999). If the employer offers such a reason, "plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated." Id.

### 1.   Prima Facie Case

To state a prima facie age discrimination case under FEHA, plaintiff must establish that: (1) he was a member of a protected class; (2) he was performing competently in the position he held; (3) he suffered an adverse employment action, such as termination; and (4) some other circumstances suggest discriminatory motive. Guz, 24 Cal.4th at 355. In claims for age discrimination, plaintiff may instead satisfy the fourth element by demonstrating that he was replaced by substantially younger employees with equal or inferior qualifications. Santillan v. USA Waste of California, Inc., 853 F.3d 1035, 1043 (9th Cir. 2017); Schechner v. KPIX-TV, 686 F.3d 1018, 1023 (9th Cir. 2012). Here, the Court finds that there are triable questions as to several elements of plaintiff's prima facie case for age and race discrimination.

Initially, it is clear that plaintiff has satisfied the first and third elements based on his race, age, and the fact that he suffered employment termination. See, e.g., Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1487 (9th Cir.1986) (noting that an African–American plaintiff over forty years of age alleging discrimination on the basis of race and age was "clearly within a protected group"); Beale v. GTE California, 999 F. Supp. 1312, 1322 (C.D. Cal.1996) (noting that plaintiffs had demonstrated their membership in a protected class because they were "over the age of forty").

Regarding the second element of plaintiff's prima facie case, Estes contends that plaintiff cannot "show he was performing competently due to his policy violations and insubordination resulting in his termination." MSJ at 9, n. 6. With respect to the fourth element, Estes argues that plaintiff cannot establish that he was replaced by someone substantially younger. Id. at 9–10. In response to plaintiff's claim for race

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|----------|------------------------|------|-------------------|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

discrimination, Estes contends that plaintiff cannot show circumstances that suggest a discriminatory motive behind the termination, as plaintiff cannot identify a single person who texted off work but was not terminated. Id. at 11 (citing English Dep. at 139:8-24). Estes also contends that its management enforced the no-texting policy uniformly, regardless of the employee's race. Id. (citing Alvarez Decl. ¶¶ 6–7).

In opposition, plaintiffs contend that whether plaintiff's replacement—who was 41 years old—is "substantially younger" is a factual issue that should be left to the jury. Opp'n at 22. Moreover, plaintiff contends that Hoch discriminated against plaintiff on the basis of his age on "numerous occasions," including "singling him out and humiliating him at seminars, threatening to terminate Mr. English [] baselessly, shirking his inquiries at growth opportunities at the company and refusing to return Mr. English's calls and inquiries." Id. at 22 (citing English Dep. 296:24–296:7). Responding to Estes' argument that plaintiff cannot show circumstances of discriminatory motive with respect to race discrimination, plaintiff contends that Hoch and Jordan made racist remarks to plaintiff prior to termination, and that these were the very individuals responsible for terminating plaintiff. Id. at 21 (citing Hughes Dep. 28:7–14, 29:2-32:7; Alvarez Dep. 204:17–23, 205:15-206:12).

With respect to plaintiff's performance and whether it was competent, the Court observes that there are genuine issues of material fact surrounding this question. Though Estes argues that plaintiff's performance was incompetent, MSJ at 9, n. 6, its reasons for this assertion are in dispute because whether plaintiff "called-in" to work in accordance with Estes attendance policies—and accordingly, whether he committed policy violations and insubordination—is a genuine dispute of material fact. Estes' "Salaried Attendance and Sick Pay Policy" does not explicitly detail the acceptable procedures for notifying supervisors of absences. See Hughes Decl. Exhibit 2. Instead, it provides that employees must "personally" notifying their supervisors in advance of the employee's scheduled shift. Id. The parties dispute whether this permits texts, or requires phone calls. Moreover, plaintiff contends that he "often communicated through text message" with his supervisors. English Decl. ¶ 11. Accordingly, a rational trier of fact could *not* conclude, based on the disputed facts surrounding plaintiff's compliance with the attendance policy and his response to his supervisors, that plaintiff's claims are foreclosed by the undisputed evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

     With respect to the fourth element of plaintiff's prima facie case for age discrimination, the Court concludes that he has established a prime facie age discrimination case.  The Ninth Circuit has noted that a ten-year age difference between the terminated employee and the replacement employee would be considered substantial. Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1209 (9th Cir. 2008) (citing approvingly Hartley v. Wis. Bell, Inc., 124 F.3d 887, 893 (8th Cir. 1997) (finding ten-year difference in ages to be presumptively substantial)).  Neither plaintiff nor Estes argues that plaintiff's replacement was more or less qualified than plaintiff.  Therefore, viewed in the light most favorable to plaintiff, Estes' admission that plaintiff was replaced by a 41-year-old is sufficient to satisfy the fourth element of an age discrimination claim.  See Hughes Decl. ¶ 27.  Accordingly, a rational jury could conclude that plaintiff has sufficiently demonstrated a prima facie case for age discrimination.

     With respect to the fourth element of plaintiff's prima facie case for race discrimination, Estes' argument, consisting of a single paragraph, appears to incorporate its contentions regarding its legitimate, nondiscriminatory reason for plaintiff's termination.  MSJ at 10–11.  "In a summary judgment motion in an employment discrimination case, the employer as the moving party, has the initial burden to present admissible evidence showing *either* that one or more elements of plaintiff's prima facie case is lacking or that the adverse action was based upon legitimate, nondiscriminatory factors."  Guyton v. Novo Nordisk, Inc., 151 F. Supp. 3d 1057, 1076 (C.D. Cal. 2015), judgment entered, No. 15-cv-00009-MMM-AGR, 2015 WL 9093153 (C.D. Cal. Dec. 16, 2015), and aff'd sub nom. Guyton v. Novo Nordisk A/S, 696 F. App'x 246 (9th Cir. 2017) (quoting Serri v. Santa Clara Univ., 226 Cal. App. 4th 830, 861 (2014) (quoting Hicks v. KNTV Television, Inc., 160 Cal. App. 4th 994, 1003 (2008)).  Estes asserts that it had a nondiscriminatory reason for plaintiff's termination, due to its uniform enforcement of the "call-in" requirement under the attendance policy and plaintiff's violation of the attendance policy.  MSJ at 11.  Accordingly, the Court proceeds to analyze the second and third steps of the McDonnell Douglas test.  See Guyton, 151 F. Supp. 3d 1057 at 1077.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | | |

### 2.    Whether Estes Had a Legitimate, Non-Discriminatory Business Reason for Terminating Plaintiff's Employment

To be "legitimate," the employer's proffered reason need only be "facially unrelated to prohibited bias." Reid v. Google, Inc., 50 Cal. 4th 512, 520 n.2 (2010); see also McInteer, 40 F. Supp. 3d, at 1284 ("Defendants' 'burden is one of production, not persuasion, thereby involving no credibility assessment.' ") (citing Day v. Sears Holdings Corp., 930 F. Supp. 2d 1146, 1169 (C.D. Cal. 2013)).

As stated, Estes argues that plaintiff's purported violations of Estes' attendance procedures, coupled with plaintiff's defiance of warnings and directives given by his supervisors to follow these procedures, demonstrates sufficient grounds to terminate plaintiff. MSJ at 11, 21. Specifically, Estes contends that plaintiff's text messages to Parsons, notifying that plaintiff was too sick to work, were violations of the attendance policy. Id. at 11. Accordingly, Estes has met its burden to proffer a legitimate, non-discriminatory reason for terminating plaintiff's employment.

### 3.    Showing of Pretext

"Once an employer has articulated a legitimate, non-discriminatory business reason for terminating an employee, the burden shifts to the employee to provide substantial, responsive and admissible evidence that the employer's stated reason is a pretext and that the true reason for the termination was illegal discrimination." Faust,150 Cal. App. 4th at 875. Nonetheless, because there is a genuine dispute of material fact as to what Estes' attendance policies required for purposing of "calling in" sick, a reasonable fact finder could conclude that plaintiff was a competent employee. Plaintiff contends that he was "cough[ing] up blood", English Decl. ¶ 4, and that he could not talk because of this condition, English Dep. at 288:21-25. These facts demonstrate why plaintiff could not comply with his supervisors' directives to "call in," and are sufficiently responsive to defendants' assertion that he was insubordinate.

Moreover, plaintiff provides evidence to suggest that plaintiff's supervisors terminated his employment because of his race and age. During a human resources training session in 2012, Hoch asked plaintiff to stand up and pointed out to the audience

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

that plaintiff was in a protected category due to his age and race.  English Dep. at 187:8-9; 188:1-9; 189:5-12.  Plaintiff also asserts that Hoch would not address his questions in regards to promotion opportunities, English Decl. ¶ 24, and that Hoch failed to return plaintiff's calls to human resources.  English Dep. at 197:1–10.  During plaintiff's first encounter with terminal manager Mike Jordan, Jordan swore at plaintiff and called plaintiff a "boy."  English Decl. ¶ 25.  Hoch and Jordan were the individuals responsible for making the decision to terminate plaintiff.  Hughes Dep. 28:7–14, 29:2-32:7; Alvarez Dep. 204:17–23, 205:15-206:12.  Based on this evidence, a reasonable factfinder could infer that these remarks are significant evidence of the existence of a discriminatory motive.  Ultimately, it is the trier of fact that should determine whether plaintiff was terminated for pretextual reasons.

Plaintiff has presented specific and substantial evidence raising triable issues about Estes' motives for his termination.  Accordingly, summary judgment with respect to plaintiff's claims for age and race discrimination in violation of FEHA is **DENIED**.

### C.    Whether Plaintiff's Claims for Wrongful Termination in Violation of California Public Policy and FEHA Fail As a Matter of Law

Plaintiff asserts in his first and second claims that Estes wrongfully terminated him in violation of California public policy and FEHA.  Compl. ¶¶ 33, 50.

California law recognizes a claim for wrongful termination in violation of a public policy reflected in a statute or constitutional provision.  Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 172 (1980).  Plaintiff bears the burden of identifying the specific statute on which he bases his wrongful termination claim.  Day v. Sears Holdings Corp., 930 F. Supp. 2d 1146, 1189 (C.D. Cal. 2013) (citations omitted).  Plaintiff's first claim—his common law claim for wrongful termination—is premised on violations of FEHA.  Compl. ¶ 33.  FEHA's prohibition against age discrimination in employment sufficiently establishes a fundamental public policy against such discrimination for purposes of a wrongful discharge claim.  See Stevenson v. Superior Court, 16 Cal.4th 880, 898 (1997).  Moreover, plaintiff's second claim for wrongful termination in violation of FEHA is premised on Estes' alleged age and race discrimination.  Compl. ¶ 50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

 In assessing claims for wrongful termination, "California courts apply the burden shifting analysis as set forth in McDonnell Douglas." Velto v. Draeger Medical, Inc., No. 06-CV-5190-RBL, 2007 WL 4376200, *3 (W.D. Wash. Dec. 13, 2007), citing Nelson v. United Technologies, 74 Cal. App. 4th 597, 613 (1999); see also Loggins v. Kaiser Permanente Intern., 151 Cal. App. 4th 1102, 1108–09 (2007) ("When a plaintiff alleges retaliatory employment termination either as a claim under the FEHA or as a claim for wrongful employment termination in violation of public policy, and the defendant seeks summary judgment, California follows the burden shifting analysis of McDonnell Douglas Corp."). Because plaintiff premises his wrongful termination claims on Estes' alleged violations of FEHA, for the same reasons set forth in the Court's analysis of plaintiff's age and race discrimination claim, plaintiff raises triable issues of fact regarding pretext. Therefore, the Court **DENIES** summary judgment as to plaintiff's first and second claims for wrongful termination.

### D. Whether Plaintiff's Claim for Hostile Environment Fails As a Matter of Law

 Plaintiff asserts in his fourth claim that Estes subjected him to a hostile work environment in violation of FEHA. Compl. ¶ 83. Harassment in the form of a hostile work environment constitutes unlawful discrimination in violation of FEHA. Andrews v. PRIDE Indus., No. 14-cv-02154-KJM-AC, 2017 WL 119803, at *11 (E.D. Cal. Jan. 12, 2017) (citing Lyle v. Warner Bros. Television Prod., 38 Cal. 4th 264, 279 (2006)). Although commonly alleged in connection with sex and gender, a hostile work environment claim also may be based on other protected characteristics, including race. Vasquez v. Cty. of L.A., 349 F.3d 634, 642 (9th Cir. 2003).

 California courts look to Title VII cases to guide their interpretation of FEHA. See Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000) (Title VII and FEHA operate under the same guiding principles). In order to prevail on a hostile work environment claim, a plaintiff must show: (1) he was subjected to verbal or physical conduct, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061, 1065 (9th Cir. 2002). "In determining if an environment is so hostile as to violate [FEHA], we consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

whether, in light of 'all the circumstances', <u>Nichols v. Azteca Rest. Enter.</u>, 256 F.3d 864, 872 (9th Cir. 2001), the harassment is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." <u>McGinest v. GTE Serv. Corp.</u>, 360 F.3d 1103, 1112–13 (9th Cir. 2004) (quotations omitted).

Estes argues that, even assuming that plaintiff's allegations of age and race related conduct were true, they are not severe or pervasive enough to alter the conditions of his employment.  MSJ at 12.  Hoch allegedly made one comment about plaintiff's age during a human resources training, and Estes contends that plaintiff identifies only two recent, racially-charged comments.  <u>Id.</u> at 13–14.  In response, plaintiff contends that he was exposed to a hostile racial atmosphere since the early 1990s.  Opp'n at 19.

A plaintiff must show that the work environment was both subjectively and objectively hostile.  <u>McGinest</u>, 360 F.3d 1103 at 1113.  As was the case in <u>McGinest</u>, subjective hostility is "clearly established in the instant case through [plaintiff's] unrebutted testimony and his complaints to supervisors."[15]  <u>Id.</u>  In evaluating the *objective* hostility of a work environment, the Ninth Circuit in <u>McGinest</u> observed that factors to be considered include ""frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  <u>Id.</u> (citations omitted).  Here, considering the facts in the light most favorable to plaintiff, plaintiff has set forth racial slurs and humiliating treatment which could give rise to the finding of a hostile work environment.  These facts demonstrate that plaintiff was subjected to extreme racial insults—much like the plaintiff in <u>McGinest</u>, who endured racist graffiti in the bathroom and racial slurs from coworkers.  <u>McGinest</u>, 360 F.3d 1103 at 1115.  The Ninth Circuit in <u>McGinest</u> noted that racial slurs and racist graffiti are "evocative of lynchings and racial hierarchy [which] are significant exacerbating factors in evaluating the severity of the racial hostility."  <u>Id.</u> at 1116.  Moreover, "[r]acially motivated comments or actions may appear innocent or only mildly offensive to one who is not a member of the targeted group, but in reality be intolerably abusive or threatening when

---

[15]     During his deposition, plaintiff testified that the racially charged comments "changed the way [he] looked at people."  English Dep. at 306:10-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

understood from the perspective of a plaintiff who is a member of the targeted group."
Id.

Estes argues that these alleged incidents are "far too remote" to support a hostile environment claim, but the Ninth Circuit has held differently on this point.  In McGinest, it concluded that "[f]or purposes of summary judgment, [plaintiff] persuasively demonstrates that he was subjected to a hostile work environment" after noting that the plaintiff in that case was subjected to racial incidents over "ten to fifteen years."  See id. at 1118.  Likewise, plaintiff's testimony here recounts racially-charged behavior dating back to the early 1990's.  Accordingly, plaintiff's evidence raises a genuine issue of material fact with respect to the existence of a hostile environment.  Summary judgment is therefore **DENIED** as to plaintiff's fourth claim.

## E.     Whether Plaintiff's Claim for Disability Discrimination in Violation of FEHA Fails As a Matter of Law

Plaintiff asserts in his fifth claim that Estes discriminated against him on the basis of a temporary disability.  Compl. ¶ 94.  FEHA provides that it is an unlawful employment practice to discharge a person from employment or discriminate against a person because of a physical or mental disability or medical condition.  Cal. Gov't Code § 12940(a).  The McDonnell Douglas test is used to evaluate claims for disability discrimination.  411 U.S. 792 (1973).

### 1.     Prima Facie Case

To establish a prima facie case of disability discrimination under FEHA, a plaintiff must show (1) he suffered from a disability, (2) he could perform the essential duties of his job with or without reasonable accommodation, and (3) he was subjected to adverse employment action because of his disability.  McInteer v. Ashley Distrib. Servs., Ltd., No. 13-cv-0268-JGB-DTB, 2014 WL 4105262, at *8 (C.D. Cal. Aug.19, 2014) (citing Sandell v. Taylor–Lustig, Inc., 188 Cal. App. 4th 297, 310 (2010)).  As an initial matter, the Court must determine whether plaintiff's temporary disability—his sinus/respiratory infection—constitutes a qualifying disability under FEHA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|----------|------------------------|------|-------------------|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

One California court of appeal provides the pertinent definition for a physical disability under FEHA:

> Under the FEHA, "physical disability" includes having a physiological disease, disorder, or condition that, by affecting the neurological or musculoskeletal body systems, special sense organs or skin, "limits" a "major life activity." ([Cal. Gov't. Code] § 12926, subd. (k)(1)(A), (B).) "Limits" is synonymous with making the achievement of a major life activity "difficult." (Id., subd. (k)(1)(B)(ii).) "Major life activity" is construed broadly and includes physical, mental, and social activities, and working. (Id., subd. (k)(1)(B)(iii).) " '[W]orking' is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments." ([Cal. Gov't. Code] § 12926.1, subd. (c).) Whether a major life activity is limited "shall be determined without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity." ([Cal. Gov't. Code] § 12926, subd. (k)(1)(B)(I).)

Arteaga v. Brink's, Inc, 163 Cal. App. 4th 327, 345 (2008).

Estes argues that because plaintiff's health condition occurred only once and lasted for a few days, it is not a qualifying disability under FEHA. MSJ at 16–17. Plaintiff responds that his medical note excused him from work for six days due to his illness, and accordingly, it limited working, which is a major life activity.[16] Opp'n at 16. Thus,

---

[16]    Plaintiff submits the Declaration of Paul Broadus, which includes an expert report in Exhibit 1 that is titled "Preliminary Employability Analysis for Erroll English." Dkt. 50. Though this report evaluates plaintiff's employability following his January 15, 2014 termination, the analysis does not contain any information relating to plaintiff's respiratory infection that is pertinent for purposes of the instant "physical disability" analysis. In addition, plaintiff attaches copies of two separate medical reports following

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

plaintiff reasons, he suffered from a disability that limits major life activities "in terms of both 'physical' and 'working' aspects." Id.

The record reflects little detail concerning plaintiff's respiratory ailment. The legible portions of plaintiff's medical note, provided by the Medical Clinic of Redlands, do not provide detail regarding plaintiff's symptoms, or whether he suffered from a respiratory ailment at all. English Decl. & Ex. 5.

Even if the record reflected the nature of plaintiff's respiratory ailment in greater detail, a FEHA claim requires that "the employer had knowledge of the employee's disability when the adverse employment decision was made." Foster v. City of Oakland, 649 F. Supp. 2d 1008, 1018 (N.D. Cal. 2009) (citing Brundage v. Hahn, 57 Cal. App. 4th 228, 236–37, (2d Dist. 1997)); see also Yanowitz, 36 Cal. 4th 1028 at 1046 (2005) (no FEHA retaliation claim "where there is no evidence the employer knew" that the employee was engaging in protected conduct). An employee's "vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the FEHA." Brundage, 57 Cal. App. 4th at 237. "While knowledge of the disability can be inferred from the circumstances, knowledge will only be imputed to the employer when the fact of disability is the *only* reasonable interpretation of the known facts." Id. (emphasis added).

Estes argues that it could not have accommodated plaintiff's disability because it was not aware of his disability, and that plaintiff prevented the interactive process from occurring. MSJ at 16–17. Plaintiff does not address Estes' contentions surrounding lack of notice.

---

two separate medical evaluations he had on June 6, 2014 and April 13, 2015 subsequent to his termination at Estes. English Decl. & Ex. 6, Ex. 7. These medical reports do not have any bearing on plaintiff's respiratory infection during January 2014, as the reports concern the routine lifting and repetitive motions that plaintiff performed while working for Estes West. See id. In particular, Exhibit 7 documents plaintiff's ailments with respect to his cervical spine, right shoulder, right and left hands, lumbar spine, and his right and left knees. Id. & Ex. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL              'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

     As noted, plaintiff is required to produce evidence that Estes knew of his disability in order to demonstrate that Estes acted with discriminatory intent.  The reasoning in Avila v. Continental Airlines, Inc. is instructive on this point.  165 Cal. App. 4th 1237, 1249 (2008), as modified on denial of reh'g (Aug. 28, 2008).  The plaintiff in Avila was fired for violating his employer's attendance policy.  Id. at 1245.  Prior to termination, plaintiff had been hospitalized for pancreatitis and missed four days of work.  Id. at 1244.  He submitted two medical forms to his employer documenting his absences.  The first form stated that plaintiff had visited a medical center and was unable to work for one day, and the second form stated that plaintiff had been admitted to the hospital for a few days and would be unable to work for five days.  The forms did not include any information about the reason for plaintiff's hospitalization and did not indicate there would be any restriction on plaintiff's ability to work after the five-day period.  Id. at 1249.  Only *after* his termination did plaintiff tell his employer the hospitalization was related to pancreatitis.  Id. at 1244.  Granting summary judgment on plaintiff's FEHA disability discrimination claim, the court reasoned that the medical forms submitted by plaintiff were insufficient to put the employer on notice that plaintiff suffered from a disability.

     Similarly, in the instant action plaintiff fails to demonstrate that he gave the requisite notice of his alleged disability to Estes.  In particular, "the [medical] form did not contain sufficient information to put [Estes West] on notice that plaintiff suffered from a disability."  Avila v. Cont'l Airlines, Inc., 165 Cal. App. 4th 1237, 1249 (2008), as modified on denial of reh'g (Aug. 28, 2008).  "Reading the [medical] form most favorably to plaintiff, the form communicated only that plaintiff was unable to work [from January 14, 2014 to January 20, 2014] due to an unspecified condition."  Id.  The form did not specify that plaintiff suffered from a condition that qualified as a disability under Government Code section 12926.  See id.  While an employer need only know the underlying facts, and not the legal significance of those facts, see Faust v. California Portland Cement Co., 150 Cal. App. 4th 864, 887 (2007), merely informing the employer of a plaintiff's hospitalization or medical treatment is not sufficient to put the employer on notice that plaintiff was suffering from a qualifying disability.  See Avila, 165 Cal. App. 4th 1237 at 1249.  Accordingly, in this instance, the interpretation that plaintiff suffered from a disability was not "the only reasonable interpretation of" the information on the medical form. See id. (citing Brundage v. Hahn, 57 Cal. App. 4th at 237).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

At the November 6, 2018 hearing, the Court invited the parties to provide evidence as to whether plaintiff's ailment was a qualifying disability.  Plaintiff argued that Estes had "intimate knowledge" of his disability on a day-to-day basis, but offered no evidentiary support for this contention.  Accordingly, no rational trier of fact could conclude, based on the evidentiary record, that plaintiff suffered from a qualifying disability.  Furthermore, plaintiff failed to demonstrate that he gave the requisite notice of any disability to Estes.  Therefore, the Court **GRANTS** Estes' motion for summary judgment with respect to plaintiff's fifth claim.

## F.    Discrimination for Taking Disability in Violation of the FMLA

Plaintiff asserts in his sixth claim that Estes discriminated against him on the basis of his request for FMLA leave.  Compl. ¶ 107.  The FMLA provides that an eligible employee is entitled to a total of twelve workweeks of leave during any twelve-month period because of a "serious health condition" that makes the employee unable to perform the functions of his or her job. 29 U.S.C. § 2612(a)(1)(D).  To demonstrate a violation of the FMLA, an employee must prove that (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled.[17] Sanders v. City of Newport, 657 F.3d 772, 778 (9th Cir. 2011).  The parties do not dispute the first or second prongs of the test.  With respect to the third prong, plaintiff asserts that he was entitled to medical leave because his ailment required continuing treatment by a health care provider, which falls under the FMLA's definition of "serious health condition." Opp'n at 14 (citing 29 C.F.R. § 825.113).  Estes contends that plaintiff's alleged ailment was not a serious health condition, as he saw a doctor only once.  MSJ at 19.

The FMLA provides that a "serious health condition" requires either an "illness" involving "inpatient care in a hospital, hospice, or residential medical facility" or "continuing treatment by a health care provider."  29 U.S.C. § 2611.  "Continuing

---

[17]    Unlike plaintiff's other discrimination claims, "an interference claim under the FMLA [] does not involve the burden-shifting analysis articulated by the United States Supreme Court in McDonnell Douglas."  Faust, 150 Cal. App. 4th 864 at 879.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

treatment" entails a period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition that also involves either (a) treatment two or more times by a health care provider within thirty days of the first day of incapacity or (b) treatment by a health care provider on at least one occasion resulting in a regimen of continuing treatment under that provider's supervision. 29 C.F.R. § 825.115.

Because plaintiff was sick for five consecutive days beginning on January 10, 2014—during which he missed three scheduled days of work before his employment was terminated—and because plaintiff saw a doctor on January 14, 2014 for his illness, there is a genuine issue of material fact with respect to whether plaintiff suffered from a serious health condition. See English Decl. ¶¶ 4–10. Plaintiff's absence amounts to a "period of incapacity"—defined as an "inability to work"—for more than "three consecutive, full calendar days." See 29 C.F.R. §§ 825.113, 825.115. Whether plaintiff sought continuing treatment is also a genuine issue of material fact, as he was treated once in January 2014 and, after filing for worker's compensation, "saw several other doctors in the coming months due to [his] condition." English Decl. ¶ 13.

To satisfy the fourth prong of the Sanders test, plaintiff must demonstrate that he provided sufficient notice to Estes of his intent to take leave. For an unforeseeable medical condition such as plaintiff's, notice to the employer may be minimal—plaintiff need not expressly assert rights under the FMLA, 29 C.F.R. § 825.302(c)—but "[c]alling in 'sick' without providing more information will not be considered sufficient notice to trigger an employer's obligations under the Act." 29 C.F.R. § 825.303(b). The Ninth Circuit has noted that it is the *employer's* responsibility to determine whether a leave request is likely to be covered by the Act. Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1130 (9th Cir. 2001). In turn, the employee "has an obligation to respond to an employer's questions designed to determine whether an absence is potentially qualifying." 29. C.F.R. § 825.303(b).

Here, the record reflects that plaintiff did not explicitly request FMLA leave, though he had no obligation to expressly assert his first-time leave request for his alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|----------|------------------------|------|-------------------|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

ailment.[18]  The record also reflects that plaintiff accounted for his absences from January 10 to January 14, 2014 by texting his supervisor that he was "not feeling well."[19]  On its face, this type of notice amounts to nothing more than calling in sick, which the FMLA expressly provides is insufficient for purposes of triggering an employer's obligations under the Act.  See 29 C.F.R. § 825.303(b); see, e.g., Collins v. NTN–Bower Corp., 272 F.3d 1006, 1008–09 (7th Cir. 2001) (calling in "sick" not sufficient notice of "a serious health condition"); Satterfield v. Wal–Mart Stores, Inc., 135 F.3d 973, 980 (5th Cir. 1998) (notice to employer that employee was sick and had a lot of pain in her side insufficient to alert employer that employee was taking time off for a serious health condition within the meaning of FMLA).  However, plaintiff also proffers a medical note from the Medical Clinic of Redlands, English Decl. & Ex. 5, which he faxed to defendants on January 15, 2015, the very same day that he learned of his employment termination.[20]  Id.  Though the medical note does not detail plaintiff's ailment, reading the note in the light most favorable to plaintiff, it appears to excuse him from work from January 14, 2014 to January 20, 2014.  See id.  Because the note appears to excuse plaintiff from work for a seven-day time period, a rational trier of fact could conclude that Estes had an obligation to inquire whether this lengthy absence was due to an FMLA-qualifying condition.  Accordingly, a genuine issue of material fact exists with respect to whether plaintiff's notice was indeed sufficient to apprise Estes of its obligations under the FMLA, and whether Estes failed to satisfy its obligations thereafter. The Court **DENIES** Estes' motion for summary judgment with respect to plaintiff's sixth claim.

---

[18]     Plaintiff took FMLA leave during April 2012, yet the qualifying reason— an accident that prevented him from performing the essential functions of his job, Hughes Decl. ¶ Ex. 10. —was entirely separate from the illness at issue here.

[19]     Plaintiff texted his supervisor, Parsons, on January 10, January 12, January 13, and January 14, 2014, notifying him that he was not feeling well and could not work.  English Decl. ¶ 4–6, 9 & Ex. 1, Ex. 2.

[20]     It is impossible for the Court to conclude based on the factual record whether Estes received plaintiff's medical note prior to the time on January 15, 2014 that they informed him of his termination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

### G.      Whether Plaintiff's Retaliation Claim Fails As a Matter of Law

Plaintiff alleges in his third claim that defendants retaliated against him on the basis of his disability for purposes of FEHA, and that defendants retaliated against him for his leave of absence for a serious health condition under the FMLA.  Compl. ¶¶ 63, 70, 72.

Because the Court concludes in its analysis above that no triable issues of material fact exist with respect to plaintiff's purported disability under FEHA, the Court **GRANTS** Estes' motion for summary judgment as to plaintiff's claim for retaliation in violation of FEHA.

With respect to plaintiff's claim for retaliation on the basis of taking medical leave under the FMLA, the parties contend that this claim requires analysis under the three-part test identified in Yanowitz.[21]  MSJ at 14.  However, prohibited acts under § 2615(a) of the FMLA fall into two general categories: "interference" claims under § 2615(a)(1) and "retaliation/discrimination" claims under § 2615(a)(2).  Latif v. M & C Hotel Interests, Inc., 2012 WL 893729, at *3 (C.D. Cal. Mar.14, 2012).  As the Ninth Circuit has explained, "[b]y their plain meaning, the anti-retaliation or anti-discrimination provisions [of the FMLA] do not cover visiting negative consequences on an employee simply because he has used FMLA leave.  Such action is, instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] Exercise of rights.' "  Bachelder, 259 F.3d at 1124.  Accordingly, "when a plaintiff alleges retaliation for exercise of FMLA rights, that claim is properly analyzed as an interference claim under section 2615(a)(1)."  Rivera v. FedEx Corp., 2013 WL 6672401, at *6 (N.D. Cal. Dec. 18, 2013).  The appropriate test for analyzing an interference claim is the five-part Sanders test, see Sanders, 657 F.3d 772 at 778, which the Court employed in its analysis for plaintiff's sixth claim for discrimination in violation of the FMLA.  Given that plaintiff's claim for

---

[21]      The three part test provides that "to establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action."  Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th at 1042.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                         'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | November 21, 2017 |
|----------|------------------------|------|-------------------|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

retaliation in violation of the FMLA is subject to the same <u>Sanders</u> test as plaintiff's sixth claim, consistent with its analysis above the Court **DENIES** summary judgment as to plaintiff's third claim for retaliation in violation of the FMLA.

## V.    CONCLUSION

In accordance with foregoing, the Court **GRANTS** in part and **DENIES** in part Estes' motion for summary judgment.

The Court **GRANTS** Estes' motion for summary judgment with respect to plaintiff's fifth claim.  The Court **GRANTS** summary judgment as to plaintiff's third claim insofar as the claim is based on retaliation in violation of FEHA.

The Court **DENIES** Estes' motion for summary judgment with respect to plaintiff's first, second, fourth, sixth, seventh, and eighth claims.  The Court **DENIES** summary judgment as to plaintiff's third claim insofar as the claim is based on retaliation in violation of the FMLA.

IT IS SO ORDERED.

00          :          00

Initials of Preparer                CMJ