UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION IN LIMINE TO EXCLUDE MEDICAL RECORDS (Dkt. 103, filed January 12, 2018)

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE RACIAL INCIDENTS (Dkt. 104, January 12, 2018)

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY (Dkt. 105, filed January 12, 2018)

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE MEMO BY FERNANDO ALVAREZ IN ANTICIPATION OF LITIGATION (Dkt. 106, filed January 16, 2018)

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PRIOR WARNINGS OR DISCIPLINARY ACTIONS (Dkt. 107, filed January 16, 2018)

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OR DOCUMENTS REGARDING TERMINATION OF OTHER EMPLOYEES DUE TO FAILURE TO FOLLOW CALL-IN PROCEDURE (Dkt. 108, filed January 16, 2018)

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND REPORTS (Dkt. 109, filed January 16, 2018)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

## I.   INTRODUCTION & BACKGROUND

On May 23, 2016, plaintiff Erroll English filed the complaint in this suit against defendants Estes Express Lines, Estes Terminals of California LLC, Estes West (collectively, "defendants"), and Does 1 to 20 in San Bernardino County Superior Court. Dkt. 1 ("Compl."). The complaint asserts the following claims against defendants: (1) wrongful termination in violation of California public policy; (2) wrongful termination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq.; (3) retaliation in violation of FEHA and the Family and Medical Leave Act ("FMLA"), 29 C.F.R. § 825.100 et seq.; (4) hostile work environment; (5) disability discrimination in violation of FEHA; (6) discrimination on the basis of FMLA leave; (7) age discrimination in violation of FEHA; and (8) race discrimination in violation of FEHA. Id. On June 22, 2016, defendants filed an answer. Dkt. 1. On June 23, 2016, defendants filed a notice of removal asserting federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Dkt. 1.

On July 27, 2017, defendants filed a motion for summary judgment, and plaintiff and defendants subsequently filed an opposition and reply. Dkts. 26, 55, 66. On November 21, 2017, the Court granted defendants' motion as to plaintiff's fifth claim for disability discrimination and as to plaintiff's third claim for retaliation insofar as the claim is based on retaliation in violation of FEHA. Dkt. 102. The Court denied defendants' motion as to plaintiff's remaining claims. Id.

On January 12, 2018, defendants filed three motions in limine to exclude plaintiff's medical records, dkt. 103; exclude racial incidents, dkt. 104; and exclude expert testimony, dkt. 105. On January 22, 2018, plaintiff filed his oppositions. See dkts. 116–118.

On January 16, 2018, plaintiff filed four motions in limine to exclude a memorandum by Fernando Alvarez, dkt. 106; exclude prior warnings or disciplinary actions, dkt. 107; exclude testimony or documents regarding termination of other employees due to failure to follow call-in procedure, dkt. 108; and exclude expert testimony and reports, dkt. 109.[1] On January 22, 2018, defendants filed oppositions.[2] See dkts. 110–113.

---

[1]     Defendants assert that the Court should deny plaintiff's motions in limine on the grounds that plaintiff's motions are untimely in light of Local Rule 6–1, and because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

On February 12, 2018, the Court held oral argument.[3] Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   Defendants' Motions in Limine

### A.   Exclusion of Medical Records

Plaintiff contends that he was terminated from his position as a dock supervisor for requesting FMLA leave, and that his employment termination was in violation of the FMLA. Dkt. 103 at 1. With respect to his FMLA claim, plaintiff contends that he became ill and required a medical leave of absence during January 10–15, 2014 for an alleged "sinus and respiratory infection." Compl. ¶¶ 25–28. Defendants argue that the complaint does not allege that any other illness or medical condition caused plaintiff's absence from work. See Compl. Defendants assert that, months after his termination, plaintiff sought medical treatment for a number of health conditions unrelated to any alleged sinus and respiratory infection. Dkt. 103 at 2. Defendants argue that these post-

---

plaintiff's counsel failed to meet and confer prior to filing the instant motions as required by Local Rule 7–3. Insofar as plaintiff's motions are untimely under Local Rule 6–1, and insofar as plaintiff's counsel failed to properly meet and confer, the Court declines to deny the motions on those grounds and shall determine plaintiff's motions on the merits. Although the Court determines plaintiff's motions on the merits, the Court (1) admonishes all parties to abide by the Local Rules in future proceedings, and (2) warns all parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions. See id.

[2]   On January 29, 2018, plaintiff filed replies in support of his motions in limine. See dkts. 124–127. On January 30, 2018, defendants filed an objection to and request to strike plaintiff's replies. Dkt. 129. Because the Court's procedures provide that no replies are to be filed in support of motions in limine, the Court strikes plaintiff's replies, dkts. 124, 125, 126, and 127, from the record. Plaintiff may assert the arguments contained in his replies at oral argument.

[3]   At the February 12, 2018 hearing, plaintiff's counsel asserted that plaintiff need not call witnesses from the California Department of Fair Employment and Housing ("DFEH") if defendants choose not to contest at trial the timeliness of plaintiff's DFEH complaint. The Court directs the parties to its order dated November 21, 2017. Dkt. 102. Given that the Court made a factual finding that plaintiff's DFEH complaint was timely, dkt. 102 at 13, the issue of timeliness is resolved and is not a live issue for trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

January 15, 2014 medical records, which plaintiff produced to defendants, have no relationship to plaintiff's alleged sinus and respiratory infection and thus have no bearing on the claims or issues in this action. Id. at 2–3.

Specifically, defendants argue that in order to be held liable for an FMLA action, defendants must have notice of a medical condition. Id. at 3. Because defendants must have been on notice of plaintiff's alleged medical condition at the time of his termination, his post-termination medical records that do not relate to the alleged sinus and respiratory infection on which his FMLA claims are based are of "no consequence in this action." Id. Accordingly, defendants argue that plaintiff's post-January 15, 2014 medical records involving medical issues unrelated to plaintiff's alleged sinus and respiratory infection should be excluded under Federal Rule of Evidence 401. Id. at 5. Defendants further argue that these medical records would cause unfair prejudice and pose jury confusion, and thus the Court should exclude these records under Federal Rule of Evidence 403. Id. at 6.

In opposition, plaintiff argues that medical records subsequent to January 15, 2014 demonstrate that plaintiff sought treatment by a health care provider on at least one occasion, which has the tendency to prove that he had a serious health condition. Dkt. 116 at 2–3. Accordingly, plaintiff argues that these records are relevant. Id. at 3. Moreover, plaintiff argues that insofar as the Court is inclined to grant defendants' motions in limine, these motions should instead be denied without prejudice and the Court can deal with the question of admissibility as each medical record is provided at trial. Id. (citing Sperberg v. Goodyear Tire & Rubber Co., 529 F.2d 708, 712 (6th Cir. 1975)).

Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The Court invited plaintiff to provide oral argument as to the relevance of the post-January 15, 2014 medical records. At the February 12, 2018 hearing, plaintiff's counsel asserted that these records are relevant to demonstrate that plaintiff obtained further treatment, which relates to his FMLA eligibility, and that they are relevant to plaintiff's damages and employability following his January 15, 2014 employment termination. In response, defense counsel argued that defendants had no notice of the medical conditions at issue in the post-January 15, 2014 medical records, as the conditions were not included in plaintiff's medical note that plaintiff provided to defendants near the time of his employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

termination. In light of these arguments, and given that plaintiff's complaint only alleges that he was entitled to FMLA leave due to a sinus and respiratory infection, compl. ¶¶ 28, 69, 70, 100, 104–107, the Court finds that plaintiff's post-January 15, 2015 medical records concerning plaintiff's injuries to his spine, shoulder, knee, and hand are irrelevant to the FMLA claims at issue. Moreover, plaintiff has not demonstrated that defendants had notice of plaintiff's injuries underlying the post-January 15, 2014 medical records, or that plaintiff suffered the injuries as a result of his employment termination. Accordingly, the Court **GRANTS** defendants' motion to exclude plaintiff's post-January 15, 2014 medical records, as these records are irrelevant to plaintiff's FMLA-based claims.

### B.     Exclusion of Racial Incidents

In support of his claims, plaintiff asserts that he was subject to numerous incidents that created a hostile work environment based on his race. Dkt. 104 at 2. Defendants argue that evidence of the alleged racial incidents prior to May 2010 is unduly prejudicial to defendants under Rule 403. Id. They contend that alleged racial incidents prior to May 2010 have little probative value, and because they allegedly occurred at least six and up to twenty-five years before plaintiff filed his complaint, defendants are without any knowledge of potential witnesses that may have observed these alleged incidents. Id. at 4. According to defendants, the absence of any witnesses other than plaintiff will unduly prejudice defendants' right and ability to cross-examine plaintiff, and moreover, they argue that plaintiff did not pursue a remedy within a reasonable time after the alleged occurrences. Id.

With respect to the probative value of the alleged incidents, defendants argue that the pre-May 2010 incidents are far too remote to be probative of any race-based claim and are "well outside of FEHA's one-year statute of limitation." Id. Defendants further argue that plaintiff fails to demonstrate that discrimination existed with the frequency or permanency required to warrant application of the continuing wrong doctrine. Id. at 4–5 (citing McGinest v. GTE Service Corp., 360 F.3d 1103 (9th Cir. 2004)). In light of the four isolated incidents—which defendants promptly corrected—over a period of twenty years, defendants argue that plaintiff's pre-May 2010 allegations have no probative value as to the instant claims. Id. at 6. Moreover, defendants argue that laches and waiver warrant excluding evidence of these incidents because plaintiff did not timely seek any legal recourse. Id. at 6–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

In opposition, plaintiff contends that the prior racial incidents are critical in proving plaintiff's claims, and that even if some of the incidents happened several years ago, they are essential in helping the jury evaluate plaintiff's claims. Dkt. 117 at 2. Moreover, plaintiff responds that the Court already concluded in its order on defendants' motion for summary judgment that plaintiff's hostile environment claim should withstand summary judgment. Id. at 3.

The Court finds that defendant's request is, in effect, a motion to reconsider its ruling on summary judgment. This request is inappropriate for a motion in limine and it is therefore **DENIED**.

    **C.**    **Exclusion of Expert Testimony**

Plaintiff has designated two expert witnesses in support of his claims: Brian Kliener, a human resources expert, and Paul Brodus, a vocational expert. Id. Defendants contend that both witnesses fail to satisfy Federal Rule of Evidence 702 and should be excluded from testifying. Id.

    **1.**    **Brian H. Kleiner**

Defendants seek to exclude Kleiner's testimony. In his expert report, Kleiner opines that plaintiff's termination "was inconsistent with appropriate human resource management" based on an article by himself; defendants' own attendance policies; defendants' documentation of plaintiff's communications regarding his absences; plaintiff's complaint; Alvarez's deposition testimony; and Tracy Hughes's deposition testimony. See dkt. 51 & Ex. 1 at 7–18. In particular, Kleiner's proposed testimony reflects his opinion that defendants' impermissibly terminated plaintiff's employment according to their own attendance policies and that plaintiff complied with the attendance policies by "calling in" to his supervisor. Id.

Defendants argue that Kleiner's deposition testimony and his proposed testimony, as demonstrated by his expert report, fail to satisfy the requirements of Rule 702. Dkt. 105 at 2. First, defendants argue that Kleiner's testimony is not based on sufficient facts or data to support his opinions insofar as a witness must undertake an analysis of the *facts* of a matter to form an expert opinion. Id. (citing Wasson v. Peabody Coal Co., 542 F.3d 1172, 1176 (7th Cir. 2008)). Here, defendants argue that Kleiner's proposed testimony relates to plaintiff's termination, and that he did not review plaintiff's deposition and instead only relies on plaintiff's unproven and disputed allegations in the complaint. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

at 2–3.  Moreover, defendants contend that Kleiner states that he has no knowledge of any facts to support racial or age-based animus on the part of defendants.  Id. at 3 (citing Ex A, Deposition of Brian Kleiner ("Kleiner Depo."), 101:8–102:13).  Because Kleiner relied on plaintiff's disputed allegations, and because Kleiner admits he lacks evidence or facts to support his opinions, defendants argue that his proposed testimony should be excluded under Rule 702.  Id.

Insofar as Rule 702 requires a witness's testimony to be the product of reliable principles and methods, defendants note that Kleiner testified that his opinions are based on an article drafted by Kleiner himself.  Id. at 5.  Defendants assert that Kleiner testified that in drafting the article, he did not interview parties or employers as a basis for the article, entitled "Principles and Techniques for Rightful Termination," and that the article is not based on any of his own empirical research.  Id.  Defendants assert that Kleiner's proposed testimony is not the product of reliable principles and methods and, accordingly, it should be excluded.  Id. at 5–6.

Defendants further argue that Kleiner's proposed testimony impermissibly invades the province of the jury insofar as he relies on plaintiff's unproven allegations and ignores plaintiff's deposition testimony, thereby assuming plaintiff's credibility and making factual determinations as to plaintiff's allegations.  Id. at 6.  Moreover, in Kleiner's report, he opines that plaintiff's termination was not the appropriate action for defendants to take even assuming that plaintiff violated defendants' attendance policies. Id.  Accordingly, defendants contend that Kleiner's proposed testimony and expert report repeatedly invade the province of the jury and his testimony should be excluded.  Id. at 7.

Last, defendants argue that Kleiner's testimony should be excluded because the cumulative effect of the aforementioned issues demonstrate that the proposed testimony is unduly prejudicial to defendants and should be excluded under Rule 403.  Id. at 7–8.

In opposition, plaintiff contends that Kleiner's proposed testimony is based on a combination of various documents, including defendants' attendance polices, the messages between Parsons and plaintiff, Alvarez's memorandum, and the deposition testimony from Alvarez and Hughes.  Dkt. 118 at 5.  In addition, plaintiff argues that Kleiner's report is based on reliable principles and methods, and that he relies on the entirety of his professional experience and education and *not* exclusively on his own article.  Id. at 8.  Plaintiff further asserts that Kleiner's opinions do not invade the province of the jury insofar as he opines that plaintiff's termination was inappropriate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

even assuming that he violated defendants' attendance policies. Id. at 9–10. Plaintiff contends that Kleiner merely offers his opinion as to what is appropriate under the industry standard, and that he was not instructing the jury on the law or the application of the law to the case. Id. at 10.

Federal Rule of Evidence 702 provides:

[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702. Under Rule 702, a trial judge acts as a "gatekeeper" to insure that expert testimony "is not only relevant, but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). A trial judge executes this "gatekeeper" role regardless of whether expert testimony is scientific or non-scientific, with the purpose of ensuring that "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co., v. Carmichael, 526 U.S. 137, 152 (1999). The district court must "ensure that the proposed expert testimony is relevant and will serve to aid the trier of fact . . . Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact." United States v. Finley, 301 F.3d 1000, 1008 (9th Cir. 2002) (citing Daubert, 509 U.S. at 591–93). When an expert's testimony is not scientific or technical, the reliability of that testimony need not be based on "a particular methodology or technical framework," but instead can be found reliable based on the expert's knowledge and experience alone. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1018 (9th Cir. 2004).

With respect to Kleiner's conclusions about (1) whether plaintiff's employment was properly terminated according to defendants' procedures; (2) whether plaintiff's employment was properly terminated according to industry standards; and (3) whether plaintiff complied with defendants' applicable attendance policies, the Court finds that this testimony should be excluded, as these issues are for the jury to decide.

The Court concludes that Kleiner may properly testify as to the particular industry standards that govern appropriate human resource management, given Kleiner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

education and training in the area of human resource management and his current position as a professor of human resource management. See Dkt. 51-1 & Ex. A at 1. With respect to defendants' objections that Kleiner's proposed testimony lacks foundation and sufficient scientific methodology, the Court finds those arguments to be unpersuasive given that the permitted area of Kleiner's proposed testimony is not based upon scientific evidence, but rather, custom and practice in the industry. Moreover, because this limited area of testimony concerning industry standards does not appear to pose a risk of juror confusion or unfair prejudice to defendants, the Court finds that this testimony is admissible under Rule 403.

Accordingly, defendants' motion to exclude Kleiner's testimony is **GRANTED in part** and **DENIED in part**.[4]

### 2. Paul Broadus

Defendants seek to exclude the testimony of Paul Broadus, a vocational expert retained to evaluate plaintiff's employability following his January 2014 termination. Based on Broadus's expert report, he is expected to testify that (1) according to medical restrictions identified by medical records following plaintiff's January 15, 2014 employment termination, plaintiff should be able to perform occupations classified as sedentary work; (2) plaintiff's skills qualify him for a number of occupations in the labor market; (3) defendants have demonstrated that they have positions that are feasible for plaintiff in his current condition; (4) plaintiff's personnel file reflects good performance reviews; (5) plaintiff will have a difficult time finding employment because of his age; (6) employers are less likely to hire a worker who has been injured; and (7) plaintiff has been harmed by his employment termination and has little chance of finding alternative employment. Dkt. 50-1. Based on Broadus's supplemental expert report, he is expected

---

[4] At oral argument, plaintiff's counsel sought assurances that the Court's order would limit plaintiff's and defendants' experts in the same way. The Court indicated that just as Kleiner is precluded from interpreting the meaning of defendants' attendance policies, whether the attendance policies are reasonable, and whether defendants permissibly terminated plaintiff's employment, Rhoma Young is likewise precluded from offering testimony on these matters. Both Kleiner and Young are limited to testifying about industry standards governing human resource management, what principles underlie the general industry standards governing human resource management, and whether defendants' attendance policies differ from other policies in the industry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

to testify that medical documentation regarding plaintiff's alleged respiratory and sinus infection demonstrates that his infection was severe enough to allow him to take leave from employment under the FMLA.  Dkt. 50-2.

Defendants argue that Broadus's testimony should be excluded because his report and proposed testimony are irrelevant, rely on irrelevant and unduly prejudicial medical records created *after* plaintiff's termination that are unrelated to plaintiff's alleged respiratory infection, include testimony beyond his expertise and experience, and consist of speculative and prejudicial testimony.  Dkt. 105 at 8–12.  In defendants' view, Broadus's opinion that plaintiff's medical condition constituted a severe enough condition to allow him to qualify for FMLA leave is a "pure legal conclusion that invades the role of the jury."  Id. at 12.

In opposition, plaintiff contends that Broadus is qualified to testify as an expert regarding plaintiff's employability and his alleged request for FMLA leave, and that his opinions are adequately supported by data.  Dkt. 118 at 12–13.

Insofar as Broadus offers testimony as a vocational expert, his curriculum vitae reflects that he regularly conducts vocational assessments to determine employability and earning capacity following injury, disability, and employment termination, and that from 1987 to 2007, he served as a vocational rehabilitation counselor and conducted vocational assessments to ascertain transferable skills and feasibility of employment in light of individuals' physical limitations.  See Dkt. 50-1.  Given his background, Broadus appears qualified to opine as to plaintiff's ability to work and likelihood of securing future employment.  Insofar as Broadus's testimony is offered to explain plaintiff's lack of duty to mitigate his damages after his employment termination, the Court finds that Broadus's proposed testimony concerning plaintiff's ability to find alternative employment is relevant.  Accordingly, because Broadus's proposed testimony as to plaintiff's ability to find alternative employment is both relevant and reliable, the Court concludes that this proposed testimony is admissible.

With respect to Broadus's supplemental expert report, it appears that Broadus's background and training as a vocational expert does not provide a proper foundation for his opinions regarding the severity of plaintiff's respiratory infection and whether it was severe enough to warrant FMLA leave.  In addition, the Court finds that Broadus's conclusion that plaintiff's alleged respiratory infection was severe enough to warrant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

FMLA leave should be excluded insofar as whether FMLA leave was warranted is an ultimate legal conclusion for the jury to decide.

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendants' motion to exclude Broadus's testimony.

### III. Plaintiff's Motions in Limine

#### A. Exclusion of Memorandum Drafted by Fernando Alvarez

Plaintiff anticipates that defendants will introduce a memorandum drafted by Fernando Alvarez, dated January 14, 2014, which states defendants' reasons for terminating plaintiff.  Dkt. 106 at 2.  In particular, the memorandum recounts that plaintiff "called off" work on January 10, 2014 via text message; that he did not make any attempt to contact anyone at the terminal by telephone call; that plaintiff's supervisors called plaintiff and left him voicemails reminding him of the call-in procedures; and that this cycle repeated itself each day until January 14, 2014 insofar as plaintiff continued to advise his supervisors of his absence via text message and his supervisors unsuccessfully attempted to contact him via telephone call.  Dkt. 106-2.  The memorandum also reflects that plaintiff's employment was terminated for violation of defendants' code of conduct based on "unacceptable behavior; neglecting duties; failure to follow call-in procedures; poor performance; violation of safety policies and procedures; and failure to immediately and promptly report."  Id.

Plaintiff contends that this memorandum should be excluded for lack of foundation, because it includes inadmissible hearsay, and because its probative value is substantially outweighed by its prejudice.  Dkt. 106-1 at 2.  First, plaintiff contends that defendants fail to present any evidence supporting a finding that Alvarez had personal knowledge of communication that is not directed towards him.  Id. at 3.  Accordingly, plaintiff argues that defendants have failed to establish Alvarez's personal knowledge sufficient to provide an adequate foundation, and the memorandum should be excluded. Id.

Second, plaintiff asserts that Alvarez's memorandum contains inadmissible hearsay because it describes plaintiff's communications with his supervisors and plaintiff's attempt to communicate with the terminal generally.  Id.  Plaintiff argues that, to the extent that the memorandum describes plaintiff's communication records with anyone but Alvarez, such statements are inadmissible hearsay because they are from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

party not available to testify at the current proceeding and the statements are offered for the truth of the matter asserted—whether plaintiff communicated with his supervisors regarding his illness. Id. Moreover, plaintiff contends that this memo was created in anticipation of litigation, and its trustworthiness is "seriously undermined by its nature." Id. at 4.

Third, plaintiff argues that the memorandum should be excluded under Rule 403 because allowing the memorandum will only confuse the jury and prejudice plaintiff, as it "tends to show that plaintiff was terminated for cause while submitting no admissible factual allegations supporting such alleged cause." Id. at 4–5.

In opposition, defendants assert that plaintiff's arguments about the memorandum's purported lack of foundation is premature, as defendants have not had the opportunity to lay a foundation at trial. Dkt. 112 at 10. As such, defendants argue that plaintiff's argument under Rule 602 fails. Id. Moreover, defendants contend that the memorandum does not constitute inadmissible hearsay. Id. at 11. First, defendants argue that Parsons showed Alvarez the texts from plaintiff, establishing that Alvarez witnessed the texts himself. Id. Second, defendants argue that in regards to the voicemail that Parsons left plaintiff, Parsons prepared an "Attendance and Punctuality Notice" that documented the voicemail and instructed plaintiff that he must call in. Id. Moreover, defendants contend that the description of plaintiff's communications is not offered for the truth of the matter asserted, but instead shows the effect on Alvarez. Id. As such, defendants contend the memorandum is admissible for non-hearsay purposes. Id. at 11–12.

Defendants further assert that the memorandum satisfies Rule 803(6)(A) as a regularly conducted activity insofar as the memorandum was made at or near the time of information transmitted by someone with knowledge. Id. at 12. Additionally, the memorandum was not created in anticipation of litigation—if this were true, defendants argue, then no employee's disciplinary records could be discoverable in employment litigation. Id. at 13.

Finally, defendants assert that the memorandum is admissible under Rule 403 because its probative value—as a contemporaneous record describing the details leading to plaintiff's employment termination—substantially outweighs any risk of prejudice or jury confusion. Id. at 13–14. Moreover, defendants argue that no risk of jury confusion exists because the memorandum merely documents the events surrounding plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

employment termination and lists the policy violations that plaintiff committed that support the termination. Id. at 14.

The Court observes that defendants will have the opportunity to proffer a foundation for the memorandum at trial, and insofar as the communications recounted within the memorandum are not offered for their truth and instead are offered to demonstrate their effect on Alvarez, they may be admissible. It appears that this memorandum is relevant because it demonstrates the effect that plaintiff's repeated text message notifications had upon Alvarez, who was ultimately responsible for terminating plaintiff's employment. Nonetheless, given that Alvarez is expected to testify about his decision to terminate plaintiff's employment, the memorandum appears to be of limited value, particularly in light of the risk of jury confusion regarding the communications documented in the memorandum and whether they are offered for their truth. Accordingly, the Court will reserve judgment as to whether the Alvarez memorandum will be admissible with an appropriate limiting instruction.

### B. Exclusion of Prior Warnings or Disciplinary Actions

Plaintiff requests that, insofar as defendants may introduce prior warnings or disciplinary actions concerning plaintiff, these records be excluded as irrelevant and because their probative value is substantially outweighed by their prejudicial effect. Dkt. 107 at 2. First, plaintiff argues that defendant's alleged reason for terminating plaintiff was because plaintiff texted his supervisors that he was sick. Id. at 3. Accordingly, plaintiff contends that any evidence regarding plaintiff's prior warnings or disciplinary action should be excluded as irrelevant. Id.

Second, plaintiff argues that the Court should exclude plaintiff's prior warnings or disciplinary action because these insignificant warnings or disciplines are inevitable during a lengthy, twenty-three year employment period, and because these would confuse the jury as to the real cause of plaintiff's termination. Id. at 3–4. Accordingly, plaintiff requests that the Court exclude any prior warning or disciplinary actions with respect to plaintiff.

In opposition, defendants assert that plaintiff's disciplinary record is relevant because plaintiff specifically alleged in his complaint that he "was never once given a legitimate written reprimand or counseled for any issues related to [his] employment." Dkt. 111 at 10 (citing Compl. ¶ 11). Plaintiff characterizes his employment as "exemplary" in his own motion in limine, and accordingly, plaintiff's numerous prior

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

warnings and disciplinary actions are relevant to contradict plaintiff's allegations that his record was exemplary, as well as to establish that plaintiff was disciplined for policy violations when necessary. Id. at 10–11. Moreover, defendants argue that evidence showing that plaintiff was issued prior warnings and disciplinary actions both before and after new management arrived in October 2013 is relevant to prove that plaintiff was treated consistently throughout his employment. Id. at 11.

Defendants contend that the most critical reason supporting the admissibility of plaintiff's prior warnings and disciplinary action is that the prior warnings demonstrate that plaintiff was issued a "Notice of Final Written Warning" on January 9, 2014, which was supposed to result in a future five-day suspension beginning on January 22, 2014. Id. In his deposition, defendants assert that plaintiff disputes the circumstances leading up to this warning, and that the prior warning evidence is relevant and important to show that plaintiff quit coming to work on January 10, 2014 not because he suffered from a medical condition, but because he was upset that he was issued a this notice that he felt was not his fault. Id. at 11–12.

Defendants assert that the probative value of evidence of plaintiff's prior warnings is substantial, as it rebuts plaintiff's allegations that he was an exemplary employee and establishes the reason that plaintiff stopped coming to work on January 10, 2014. Id. at 12. Defendants argue that this probative value substantially outweighs any unfair prejudice to plaintiff, and accordingly, evidence of plaintiff's prior warnings is admissible under Rules 402 and 403.

The Court finds that certain evidence from plaintiff's disciplinary record is probative given that plaintiff received a "Notice of Final Written Warning" only one day prior to his January 10–14, 2014 absences. This disciplinary action is relevant to plaintiff's potential motivation behind his absences, insofar as plaintiff may believe that he was unfairly reprimanded. Moreover, plaintiff fails to demonstrate how the probative value of this prior disciplinary action is substantially outweighed by any unfair prejudice to plaintiff. Accordingly, the Court finds that evidence of plaintiff's January 9, 2014 "Notice of Final Written Warning" is admissible.

Nonetheless, the Court concludes that any disciplinary records prior to the January 9, 2014 "Notice of Final Written Warning" appear irrelevant insofar as defense counsel asserted at oral argument that the sole reason for plaintiff's employment termination was plaintiff's January 10–14, 2014 absences. In addition, nothing in the record reflects that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

plaintiff's employment termination stemmed from disciplinary actions included in plaintiff's personnel file. Accordingly, the Court concludes that evidence of plaintiff's warnings and disciplinary actions prior to January 9, 2014 is inadmissible. In the event that plaintiff testifies at trial that he has never received warnings or disciplinary actions aside from the January 9, 2014 "Notice of Final Written Warning," or in the event that plaintiff testifies that he was singled out by certain supervisors who unfairly disciplined him, the Court will revisit the issue of whether plaintiff's pre-January 9, 2014 disciplinary records are admissible.

Accordingly, the Court **GRANTS in part** and **DENIES in part** plaintiff's motion to exclude evidence of plaintiff's warnings and disciplinary actions.

### C.  Exclusion of Evidence Regarding Termination of Defendants' Employees for Failure to Follow Call-In Procedure

Plaintiff contends that evidence regarding the termination of defendants' other employees due to failure to follow call-in procedures should be excluded insofar as it is irrelevant and because its probative value is substantially outweighed by its prejudice. Dkt. 108 at 2–3. Because plaintiff was unable to speak due to his medical condition and was forced to text his supervisors regarding his absences, plaintiff argues that any evidence regarding other employees' termination due to failure to follow call-in procedure is not comparable to plaintiff and is "entirely irrelevant."

Insofar as the Court finds this information relevant, plaintiff argues that it should be excluded under Rule 403 because this evidence would confuse the jury into believing that it is a common practice for defendants to terminate employees for failure to follow call-in procedure. Id. at 3–4. Examining the factual circumstances relating to the other employees' terminations would take a substantial amount of time and waste the Court's limited resources, and accordingly, plaintiff argues that the probative value of the information about the other terminations is limited and is substantially outweighed by its prejudicial nature. Id. at 4. As such, plaintiff contends that this information should be excluded.

In opposition, defendants assert that plaintiff has never produced a medical note or any other evidence that shows he was unable to speak from January 10–14, 2014. Dkt. 110 at 10. Accordingly, to the best of defendants' knowledge, plaintiff was situated identically to every other employee who failed to call in and was terminated. Id. In sum,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

defendants argue that the termination evidence is relevant to prove that plaintiff's employer required its employees to strictly adhere to the call-in procedure and that it applied the call-in procedure the same to every employee regardless of race, age, or purported medical condition. Id. at 11–13. In response to plaintiff's contentions that this evidence would confuse the jury, defendants assert that its probative value is substantial because it establishes that defendants did not single out plaintiff for his failure to follow call-in procedures, but instead routinely terminated employees for failing to follow call-in procedures regardless of age, race, alleged medical condition, or other protected classifications. Id. at 13. Accordingly, defendants argue that the termination evidence is admissible under Rules 402 and 403. Id.

The Court finds that evidence regarding the termination of defendants' other employees due to failure to follow call-in procedures is highly relevant to the claims at issue. In particular, this evidence is probative of whether defendants' reason for terminating plaintiffs' employment was pretextual and whether defendants applied the attendance policy in a uniform manner to their other employees. The Court finds that this evidence is not *unfairly* prejudicial to plaintiff, and moreover, plaintiff fails to justify his assertion that admission of this evidence will cause undue delay or jury confusion. In light of the relevance of the evidence at issue, the Court **DENIES** plaintiff's motion to exclude evidence regarding the termination of defendants' employees due to failure to follow call-in procedure.

### D. Exclusion of Rhoma Young's Expert Testimony and Reports

Plaintiff argues that insofar as defendants attempt to introduce the testimony and reports of expert witness Rhoma Young, her testimony and report render impermissible legal conclusions and should be excluded under Rule 702 and Rule 403. Dkt. 109 at 3. In particular, Young's proposed testimony and report provide that (1) defendants' policies and practices are consistent with usual industry practices and human resources management in addressing equity in employment, treatment in the workplace, and communication about leave of absence and accommodation procedures; (2) defendants had avenues available to plaintiff to raise an issue or seek help regarding his work assignments; (3) defendants' information-gathering during the events leading up to employment termination was objective and consistent; (4) defendants' rule that employees must call-in regarding an absence is consistent with defendants' values, policies, and suggested management practices; (5) from a human resources perspective,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

defendant was not treated differently due to his age, rage, or request for medical leave. See dkt. 109-3. Young also offers rebuttal testimony to Kleiner's expert report. Id.

Plaintiff first asserts that although Young was retained to evaluate whether defendants' policies and practices are consistent with the suggested management practices of a reasonable employer, her report and opinion are "largely conclusory and do not rest on any reliable facts or data." Id. Plaintiff argues that Young states in her report that "Estes had previously granted requested personal leave of absence multiple times," yet the trustworthiness of this information was not discussed in the report, and plaintiff contends that any previously granted leave of absence is irrelevant to plaintiff's termination. Id. Moreover, plaintiff contends that statements from Young that plaintiff could have used one of the many available avenues to seek help if he did not enjoy his current work assignment are "mere speculation" and have no factual support. Id. at 3–4. Plaintiff further argues that Young relied on hearsay and inadmissible evidence in rendering her opinion because she relied on purported knowledge of text messages to plaintiff. Id. at 4.

In addition, plaintiff argues that Young's testimony is not a product of reliable principles and methods because she fails to provide explanations to support her assertions that defendants' policies are clear and reasonable, and because she attacks Kleiner's qualifications and methodology but offered no substantive explanation. Id. at 5. Moreover, plaintiff contends that Young rendered her opinion of the FMLA issue by doing "simple Google research and check[ing] on the medication prescribed by the treating doctor," yet Young is not a medical professional and Google is not a reliable research method.

Plaintiff further asserts that Young's testimony and report provide legal conclusions that should be reserved for the trier of fact, such as claiming that plaintiff's texting amounts to "not calling in." Id. at 6. Last, plaintiff contends that Young's testimony and reports would confuse the jury and lead them to believe that her opinions constitute ultimate legal conclusions. Id. at 7. Plaintiff argues that any probative value of Young's opinions is therefore substantially outweighed by its prejudicial nature. Id.

In opposition, defendants argue that Young reviewed plaintiff's personnel filed in preparing her report, and consequently, her report is based on concrete, admissible evidence and not speculation. Dkt. 113 at 11. Moreover, defendants contend that, as a human resources expert, Young possesses the expertise to testify as to the avenues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

available for plaintiff to seek help if he was unhappy at work, and that in arriving at her conclusions, Young reviewed defendants' policies and procedures, as well as the deposition testimony of three key witnesses in this case. Id. at 11–12. Accordingly, based on that evidence, Young's statement that avenues remained available to plaintiff to raise issues about his work assignment is not mere speculation. Id. at 12.

Defendants further contend that Young need not be a medical expert to testify to simple, commonplace terms such as "serious health condition," and that her expansive knowledge of the FMLA and the definition of this phrase make her qualified to offer expert opinion on whether plaintiff's alleged condition made him eligible for FMLA leave. Id. at 16. Accordingly, defendants argue that Young's proposed testimony and report satisfies Rule 702.

Insofar as plaintiff asserts that Young's proposed testimony and reports reflect impermissible legal conclusions, defendants argue that Young's conclusion that plaintiff's text messages did not qualify as "calling" is not a legal conclusion and merely reflects the undisputed evidence of record that demonstrate that defendants' attendance policy prohibits texting off work. Id. at 17. Defendants argue that Young's opinion that an employer does not usually assume that an employee who is out for three days has a "serious health condition" is garnered from her decades of human resources management and FMLA policy application. Id.

Finally, defendants argue that under Rule 403, Young's proposed testimony and report is admissible because she has not testified to ultimate legal conclusions and any risk of jury confusion, to the extent it exists, is curable with a limiting instruction. Id. at 18. Moreover, to the extent Young's proposed testimony and report is highly probative because it will assist the jury with understanding the practical policies employers commonly use to manage employees, and because plaintiff fails to show any risk of *unfair* prejudice, the Court should admit the proposed testimony and expert report. Id.

The Court finds that Young's proposed testimony that plaintiff had other avenues to raise an issue or seek help regarding his work assignment is irrelevant to the claims at issue. Accordingly, this testimony shall be excluded. To the extent that Young's proposed testimony concerns industry standards for human resources policy, given Young's education in administration and management in addition to her experience as a human resources consultant, the Court finds that Young's testimony appears relevant and reliable as to this issue. As with each expert's proposed testimony in this case, Young's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

testimony at trial will be subject to attack by "cross-examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano v. Cook, 598 F.3d 558, 564 (9th Cir. 2010). Accordingly, Young may testify as to whether defendants' human resource policies are consistent with industry standard, and Young may testify as to the reasons underlying these policies insofar as they are consistent with industry standard.

Insofar as Young's proposed testimony reflects that plaintiff was properly terminated because he failed to follow applicable attendance policies, the Court finds that this testimony shall be excluded as it opines on the ultimate question of whether plaintiff's employment termination was appropriate under the law, which is a question for the jury to decide. Moreover, because Young's education and experience do not reflect that she is a medical professional, the Court finds that Young is precluded from speculating about *how* plaintiff's condition affected his ability to comply with defendants' attendance policies.

Accordingly, plaintiff's motion to exclude Young's proposed testimony and expert report is **GRANTED in part** and **DENIED in part**.

## IV. CONCLUSION

In accordance with foregoing, the Court **GRANTS** defendants' motion to exclude plaintiff's post-January 15, 2014 medical records.

The Court **DENIES** defendants' motion to exclude racial incidents.

The Court **GRANTS in part** and **DENIES in part** defendants' motion to exclude Kleiner's and Broadus's proposed expert testimony.

The Court reserves judgment regarding plaintiff's motion to exclude Alvarez's January 14, 2014 memorandum.

The Court **GRANTS in part** and **DENIES in part** plaintiff's motion to exclude evidence of plaintiff's prior warnings and disciplinary action.

The Court **DENIES** plaintiff's motion to exclude evidence regarding the termination of defendants' employees due to failure to follow call-in procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　　　　**'O'**

| Case No. | 5:16-cv-01353-CAS(SKx) | Date | February 15, 2018 |
|---|---|---|---|
| Title | ERROLL ENGLISH v. ESTES EXPRESS LINES ET AL. | | |

The Court **GRANTS in part** and **DENIES in part** plaintiff's motion to exclude Young's proposed testimony and expert report.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　00　:　00

　　　　　　　　　Initials of Preparer　　　　　CMJ